ANGUS K. FAIRLEY et al., Admrs., &c., *v.* JAMES FAIRLEY.

1. DEED: CONSIDERATION.—A deed, in consideration of "natural love and affection, and of one dollar," is for a valuable consideration, and sufficient to support a grant of personal and real estate without a delivery of possession to the grantee.
2. SAME.—A deed, in consideration "of natural love and affection," alone, and not accompanied by a transfer of possession, is not sufficient to convey title to personalty; nor will it operate as an estoppel to the donor.
3. SAME: EFFECT OF WORDS, "GIVE, GRANT AND RELEASE."—The words, "give, grant and release," are words of transfer and conveyance, and are sufficient to invest the grantees with the title of the grantor. See 4 Dev. & Batt. 395; 10 Johns. R. 456.
4. WITNESS: RENDERED COMPETENT BY TRANSFER OF HIS INTEREST.—A distributee of an estate may be rendered a competent witness for the administrator by a transfer of his interest to his children, in consideration of natural love and affection, and of one dollar.
5. HIGH COURT: PRACTICE: RECORD NEED NOT SHOW FACTS PROPOSED TO BE PROVEN BY WITNESS REJECTED FOR INCOMPETENCY.—This court will revise the judgment of the court below rejecting a witness on the ground of incompetency, although the record does not contain a statement of the facts proposed

to be proven by him: *aliter*, where evidence is rejected on the ground of irrelevancy.

IN error from the Circuit Court of Jackson county. Hon. Wm. M. Hancock, judge.

The plaintiffs in error, as administrators of Margaret Fairley, brought an action of detinue against the defendant, to recover the possession of two slaves, which, it was alleged, belonged to their intestate in her lifetime.

On the trial, the plaintiffs offered in evidence the deposition of Angus Fairley, who was heir of the intestate, and, to remove the objection made on account of his interest, they read a deed from said Angus, by which, "in consideration of the natural love and affection" which he bore to the grantees, he "granted, remised and released, and forever quitclaimed unto the heirs of John Fairley, Peter Fairley, and Archibald Fairley, their heirs and assigns, all his (my) right, title and interest in and to the real and personal estate" of the plaintiffs' intestate.

The plaintiffs also offered to introduce as a witness "to prove their case" John Fairley, who was also an heir of said Margaret. This witness being also objected to on the ground of interest, the plaintiffs read in evidence, for the purpose of showing that he was not then interested, a deed executed by said John, which recited "that, in consideration of the love and affection he bore to his children, he had given, granted and released, and by these presents did give, grant, release" unto them "all his right, title and interest" in the estate of the intestate. The court ruled, notwithstanding these deeds, that the witnesses were incompetent, and refused to permit their testimony to go to the jury.

The defendant had verdict and judgment. The plaintiffs moved for a new trial, which being refused, they sued out this writ of error.

*T. J.* and *F. A. R. Wharton*, for the plaintiffs in error, cited *Smith* v. *Pollard*, 19 Verm. R. 272; *Bronson* v. *Paynter*, 4 Dev. & Batt. 393; *Neal* v. *Saunderson*, 2 S. & M. 572.

*Champlin* and *Adams*, for defendant in error, cited *Rowt* v. *Kile*,

Gilmer's Virg. Cas. 202; *Baxter* v. *Buck*, 10 Verm. 548; *Abercrombie* v. *Hall*, 6 Ala. R. 657; *Cox* v. *Wilson*, 2 Iredell, 234; *Brown* v. *Hicks*, 1 Pike, 232; *Carter* v. *Graves*, 6 How. (Miss.) R. 9; *Janey* v. *Blake*, 4 Missouri R. 18; 8 B. Munroe, 397; *Hall* v. *Steamboat Co.*, 13 Conn. 319; *Myre* v. *Ludwig*, 1 Penn'a State R. 47; *Cochran* v. *McTeague*, 8 Watts & Serg. 272; *Phinney* v. *Tracy*, 1 Penn'a St. R. 173; *Leiper* v. *Pierce*, 6 Watts & Serg. 555; *Houston* v. *Prenell*, 8 Ala. R. 846; *Powell* v. *Powell*, 9 Ala. R. 900; *Dunbar* v. *Chevalier*, 28 Miss. R. 161.

*W. P. Harris*, on same side, cited *Torrey* v. *Fisk*, 10 S. & M. 590.

FISHER, J., delivered the opinion of the court.

The plaintiffs below, as administrators of the estate of Margaret Fairley, deceased, brought this action in the Circuit Court of Clarke county, to recover certain slaves in the possession of the defendant.

The plaintiffs introduced as a witness one John Fairley, a brother of the intestate, and one of the distributees of her estate; and for the purpose of showing the competency of the witness, an instrument under the hand and seal of the witness was read, by which it appeared that he had, for the consideration of natural love and affection, and the further consideration of one dollar, transferred his interest in the estate to his children.

The court, however, holding this deed to be inoperative, refused to permit the witness to testify. The question is, whether the witness had divested himself of all interest connected with the subject-matter of the suit? The deed recites both a good and valuable consideration, and is therefore valid, unless the subject was one about which the parties could not contract; and it is only necessary to remark in this connection, that all contracts resting upon a sufficient consideration are valid unless declared void by the law. The question is not what the law permits, but what it prohibits. It is, however, said that the deed is only a release, and that a release can only be given to a party in the possession of the property. The language of the deed is: "I have given, granted and released, and by these presents do give, grant and release." Words of similar import, such as "remise, release and quitclaim," have been held to be words of transfer and conveyance, and are sufficient to invest

the grantees with the title of the grantor.    4 Dev. & Batt. 395;
10 Johnson, 456.

Under any view, the deed in this case is sufficient to estop the
witness from asserting any title or right in the estate; and, having
this effect, the witness was rendered competent, and should have
been permitted to testify before the jury.

But it is objected that the facts proposed to be established by the
witness are not in the record, and that this alleged error cannot
therefore be noticed.   If the objection had been merely as to the
relevancy of the testimony, and not as to the competency of the
witness, this position would be correct; as the question of relevancy,
and consequently the alleged error of the court below, could not be
determined without an inspection of the testimony.

But the question is wholly different when it relates merely to the.
competency of the witness.   The record states, that the plaintiffs
offered the witness to prove their case, and it must be inferred in
the absence of any showing to the contrary, that if the court had
permitted the witness to testify, this proof would have been made.

It is next assigned as error that the court below erred in ruling
out the deposition of Angus Fairley, also a distributee of the estate
of the intestate.   The deed executed by this witness, with a view
of rendering himself competent, not resting upon a valuable con-
sideration, and not being accompanied with the possession of the
property, cannot operate either to transfer his title or to estop him
from asserting title hereafter, if so disposed.   We are therefore of
opinion that the court below committed no error in this respect.

Judgment reversed, new trial granted, and cause remanded.