## S. W. DAY ET AL. *v.* J. E. DAVIS ET AL.

| 64 | 253 |
| 79 | 304 |

1. VOLUNTARY CONVEYANCE. *Right of grantor to vacate. Consideration expressed in deed.*

   A voluntary conveyance of land cannot be vacated at the instance of the grantor thereof upon the mere ground that it was made without any consideration, nor will such grantor be permitted to dispute the existence of the consideration expressed in the deed.

2. TENANT IN COMMON. *Adverse possession. When sufficient to confer title against co-tenants.*

   A tenant in common in possession of the common estate cannot acquire title to the whole of the estate by adverse possession, unless there be such an ouster of his co-tenants as to entitle them to bring ejectment against him.

3. JOINT TENANCY. *Right of survivorship. When abolished. Estates in trust.*

   The right of survivorship in joint tenants of land was abolished in this State in the year 1827 (Hutchinson's Code, p. 614, § 12), and the proviso excepting "conveyances in trust" was not enacted till the adoption of article 18, p. 309, of the Code of 1857. Hence, where one of two beneficiaries in a deed of trust made within the period indicated has died, the survivor could not take the whole estate by the right of survivorship, but the interest of the decedent descended to his heirs.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

In 1854 one Thomas J. Wells executed a deed of trust on certain real and personal property in Hinds County to one M. W. Stanley, trustee, for the joint benefit of Nancy Wells, his wife, and their two children, James L. and J. Dessama Wells. See *Boone* v. *Davis, ante* 133. The two children died while still minors and unmarried, leaving as their heirs three half-sisters, to wit.: Mrs. Susan M. Day, Mrs. Amanda E. Davis, Mrs. Mary A. Heard, and the daughter of a deceased half-brother, Mrs. Ignatia L. Robinson. In January, 1866, Mrs. Nancy Wells, the sole surviving *cestui que trust*, transferred her interest in the property covered by the deed of trust to James E. Davis, trustee, for the benefit of his wife, Mrs. Amanda E. Davis, and their children, in exchange for a tract of land and Mrs. Wells' board during the remainder of her

life.   Davis then went into possession of the entire property referred to.   On April 6, 1866, on petition of Mrs. Wells, one Ira E. Davis was duly appointed as substituted trustee by the probate court in pursuance of a provision in the original deed of trust for the purpose of conveying the legal title to this property to James E. Davis, trustee for his wife and children, the same to whom Mrs. Wells had conveyed her beneficial interest, and such conveyance was made.   On November 1, 1867, Mrs. Susan M. Day died, leaving several minor children, complainants in this suit.   On October 14, 1873, Mrs. Ignatia L. Robinson, who attained majority in 1870, and her husband conveyed their interest in the property in controversy to James E. Davis, trustee, for the benefit of his wife and children, the consideration as expressed in the deed being one hundred dollars.   On October 11, 1884, Stephen W. Day and others, heirs of Mrs. Susan M. Day, filed the bill in this case, setting out the above facts and claiming, through Mrs. Day, one of the heirs of the Wells children, a one-sixth interest in the land conveyed by Ira E. Davis, trustee, to James E. Davis, trustee. The eldest of Mrs. Day's heirs was born December 13, 1856.   Mrs. Ignatia L. Robinson joined in the bill, claiming that the conveyance by her to James E. Davis, trustee, was void, because without consideration.   The defendants, James E. Davis, trustee, and others, who claimed through Mrs. Nancy Wells, demurred to this bill because (1) Ignatia L. Robinson having disposed of her estate as set out in the bill, is estopped from setting up her claim, as more than three years have elapsed since the removal of her disabilities, and Davis, trustee, has had more than two years adverse possession ; (2) "more than ten years have elapsed since the right of entry by the ancestor " of the other complainants.   The Chancellor sustained the demurrer as to Mrs. Robinson, and overruled it as to the other complainants. James E. Davis, trustee, and the other defendants, beneficiaries in the trust-deed to him, then answered "that they have more than ten years' adverse possession of said property since the death of the ancestor through whom they claim, and that their entire adverse, open, and notorious possession has been nineteen years."

It was shown on the trial that James E. Davis for some time

before and up to Mrs. Day's death and at the time he went into possession of the land held a power of attorney from her authorizing him to transact all her business in this State. The proof on the question of adverse possession is sufficiently set out in the opinion of the court. On final hearing the Chancellor rendered a decree for the defendants, and the complainants appealed.

*Wells & Williamson*, for the appellants.

It will be contended by appellee's counsel that James E. Davis, as trustee for his wife and children, went into adverse possession of the lands in controversy in 1866, prior to the death of Mrs. Susan M. Day, and that, therefore, the ten years' statute of limitation applies as to her heirs, and they now have no interest in said lands.

Mrs. Davis was a *co-cestui que trust* with Mrs. Day, Mrs. Robinson, and Mrs. Heard. She was a tenant in common with them, and could not claim adverse possession. *Wood* v. *Ford*, 7 Cush. 57. One tenant in common cannot set up a tax-title against another because there is a relation of *trust* existing between them ; and so it is with adverse possession. See *Allen* v. *Poole*, 54 Miss. 323 ; *Richardson* v. *Miller*, 48 Miss. 333 ; *Harrison* v. *Harrison*, 56 Miss. 176 ; 1 Perry on Trusts, § 349.

But if we are mistaken in this proposition then we insist that when one tenant in common or one *cestui que trust* is in possession of the trust property, and intends to make claim to the whole property, then the statute of limitations would not begin to run until notice, clear and unequivocal, was given of that fact to the co-tenant or *co-cestui que trust*. Mere possession and claim of ownership would not suffice, because the co-tenant or *co-cestui que trust* has a right to believe that the possession is not antagonistic. See Hill on Trustees *267.

It is said that the statute of limitations cannot run between *cestui que trust* and an express trustee, but can where there is an *implied* trust. See *Cooper* v. *Cooper*, 61 Miss. 696.

" Implied trusts are those which, without being *expressed*, are deducable from the nature of the transaction as matters of intent,' etc. See 1 Bouvier.

In the deed from Thos. J. Wells to M. W. Stanley the trust is

expressed. Ira E. Davis was appointed substituted trustee in that deed of trust, and accepted it. He then as such trustee undertakes to convey the legal title to James E. Davis, when both of them knew that it was a flagrant violation of the trust. There is nothing *implied* in this, for James E. Davis, in accepting that conveyance, made himself trustee, and an expressed trustee at that, because it is so expressed in the deed. Hence, according to *Cooper* v. *Cooper,* *supra,* as James E. Davis is an expressed trustee, the statute of limitations did not run as against these complainants. *Wormley* v. *Wormley,* 8 Wheaton 422.

Now as to the position of Ignatia L. Robinson.

She conveyed by quit-claim to James E. Davis her interest in said trust estate for the consideration of one hundred dollars, no part of which was ever paid. The Chancellor sustained the demurrer as to this point, and this we assign for error.

We insist that there was no consideration, and for that reason the deed is void.

*W. A. Montgomery,* for the appellees.

1. The beneficiaries under the deed of trust to the lands in controversy were all dead but Mrs. Nancy Wells, and she was in possession at the close of the war, claiming title to the whole tract; the deed had been made to three jointly, through the intervention of a trustee, which trusteeship was vacant. It was an estate in joint tenancy which had been created with right to the survivor. Though *jus accrescendi* had been abolished in ordinary joint tenancies, trust estates had been specially excepted from the rule. See Code 57, p. 309, proviso art. 18. They are still excepted. Code 1880, § 1197.

2. The statute of limitations did not commence to run against Mrs. Day, but did commence to run against her children, the appellants, ten years after her death. See Code 1857, p. 398, proviso to art. 1. The possession has been continuous through all these years, with James E. Davis claiming title to *all* the land, paying taxes, collecting rents, exercising exclusive ownership over the whole tract, and accounting to and recognizing no other title or claim. *Huntington* v. *Allen,* 44 Miss. 668 ; *Tushhoyotubby* v. *Barr,*

45 Miss. 194; *Dixon* v. *Cook*, 47 Miss. 226; *Davis* v. *Bomar*, 55 Miss. 671. It is the fact of possession held and title claimed which makes possession adverse without reference to cause thereof. *Metcalf* v. *McCutchen*, 60 Miss. 1062.

*W. A. Montgomery* also made an oral argument.

CAMPBELL, J., delivered the opinion of the court.

The demurrer was rightly sustained as to the complainant, I. L. Robinson, who had made a conveyance of the land, and shows no ground to avoid it, which as long as it stands is an insurmountable obstacle to any claim by her on the land. If her deed was voluntary, it was nevertheless binding on her, and she cannot be permitted to gainsay the consideration expressed in the deed. On either ground the bill was not maintainable as to her, and the decree dismissing it as to her is affirmed.

The defense of adverse possession long enough to bar them is not sustained as to the other complainants, children of Susan M. Day. The bill was filed within ten years after the oldest attained majority, and therefore, if a right of action first accrued to them, the bill was in time. If we regard the answer as entitling the defendants to insist on an adverse possession, commenced so as to cause an accrual of a right of action to the ancestor of complainants, Mrs. Day, who died November 1, 1867, we consider the evidence insufficient to support it. Mr. Davis testified that he had been in adverse possession of the land ever since 1866, but the evidence as a whole does not show such *ouster* of the co-tenant, Mrs. Day, as would have entitled her to maintain ejectment, and this, at least, is necessary to enable one tenant in common, occupying the common estate, to set up the bar of the statute of limitations against a co-owner. It appears, too, that in 1873 Mr. Davis procured, and now relies on, a conveyance of their title to this land by Mrs. Robinson and Mrs. Heard, two co-tenants who sustained precisely the same relation as heirs of the former owners as did Mrs. Day. Wherefore, we conclude that although Mr. Davis now sincerely believes he was, in 1866, in adverse possession of the land as to all the world, he is mistaken after so long a time as to his attitude then. A reason-

64 MISS.—17.

able conclusion from all the evidence is that the possession of the defendants in 1866 and subsequently was not adverse as to Mrs. Day, and that lapse of time did not bar her heirs, who brought this bill.

The claim that the deed of Thomas J. Wells vested the estate beneficially in Mrs. Wells and the two children as joint tenants, and that on the death of the children the whole of the estate was in Mrs. Wells, as survivor, is not maintainable. Hutch. Code, p. 614, § 12.

The right of survivorship was abolished in this State by the act of 1822, which was in force in 1854, when this deed was made under which all parties claim, and that act did not contain the proviso as to *conveyances in trust* not being embraced, found in art. 18, p. 309, of the Revised Code of 1857.

On the death of James L. and Dessama Wells, two of the beneficiaries in the deed of 1854, their estate was cast by descent on their heirs, one of whom was the mother of these complainants, other than Mrs. Robinson. Upon this record they are entitled to a one-sixth interest in the land in controversy.

*The decree dismissing the bill as to the complainants, other than Mrs. Robinson, is reversed, and the cause remanded with directions to the court below to enter decree in their favor.*