MARTHA HIGNITE ET AL. *v.* NEEDHAM HIGNITE.

TENANTS IN COMMON. *Effect of possession by one.  Adverse claim under deed.*

The possession of the common property by one tenant in common enures to the benefit of all interested in the common title, notwithstanding such tenant may claim adversely under a fee simple conveyance of the common property from a person having a life estate therein, if the other tenants in common have no notice of such deed or claim thereunder.

APPEAL from the Chancery Court of Prentiss County.

HON. BAXTER MCFARLAND, Chancellor.

The bill in this case was filed, September 19, 1883, by Martha Hignite and another, against Needham Hignite and others, seeking partition of a certain tract of land which had descended to all the parties, complainants and defendants, as heirs of John Hignite, deceased. None of the defendants made any defense to the suit, except Needham Hignite, who answered claiming the entire tract of land by a possession adverse to the title descended from John Hignite, deceased.

The proof shows that John Hignite died intestate, prior to the year 1860, leaving a widow, Mary Hignite, and several children; that, at the time of his death he was the legal owner in fee simple of the land in controversy; that the land was occupied before his death, and afterwards during the lifetime of the

widow as the family homestead; that, on the 3d day of February, 1871, Mary Hignite, the widow, executed to Needham Hignite, a fee simple warranty deed to the whole tract of land [she having only a dower interest therein, under the law, then in force]; that Needham Hignite has occupied and cultivated the land since the execution of Mary Hignite's deed to him; that Mary Hignite died in April, 1871; and one witness (the only one who testified as to the character of Needham Hignite's possession), stated that Needham Hignite had claimed the land as his own ever since the death of his mother, and had offered to sell it to him eight or ten years before the time of giving his deposition.

The chancellor rendered a decree dismissing the bill, and the complainants appealed.

*Clifton & Eckford*, for the appellants.

The court erred in dismissing the bill. Co-tenants sustain to each other a relation of trust because of their common interest, and the possession of one is the possession of all.

4 Kent's Comm. S. P., 370; *Harrison* v. *Harrison*, 56 Miss., 180.

The possession of a tenant in common is never adverse, unless there has been such an *ouster* of his co-tenants as to entitle them to bring ejectment against him.

*Day* v. *Davis*, 64 Miss., 253.

There is no proof of an ouster.

Needham Hignite could not claim to own the land under the deed from Mary Hignite, nor was his possession protected by the deed; but he held possession and claimed the land as cotenant. The case, then, is this : that Needham Hignite claimed to own the land to one witness, Dan Kitzler, and has not shown that his possession was adverse to these complainants. Both the adverse possession and the claim of ownership must be *notorious*. It is clear that there was never an *ouster* in this case.

*James et ux.* v. *Rowan*, 6 S. & M., 397; *Harmon* v. *James*, 7 S. & M., 119; *McGee* v. *Holmes*, *supra*.

*B. B. Boone* and *B. A. P. Selman*, for the appellee.

We insist that the bar of the statute of limitations was clearly made out, and the Court committed no error in dismissing

the bill.   See *Davis* v. *Bowmar*, 55 Miss., 671 ; 47 Miss., 220 ; 51 Miss., 219.

If the deed from the mother was defective, it ‚is color of title and will support the statute even if void.   See *Hanna* v. *Renfro*, 3 Geo. (32 Miss.), 125 ; *Nash* v. *Fletcher*, 44 Miss., 609 ; *Welborn* v. *Anderson*, 8 Geo. (37 Miss.), 155.

*Brame & Alexander*, on the same side.

Needham Hignite exhibits a deed to *all the land* dated in 1871, from his mother, Mary Hignite, and the proof shows that his possession dates back to that year.

As conclusive on this point, complainant's witness, Kitzler, proves that Needham Hignite, eight or ten years ago, offered to sell him all the land and showed him all over it; further that "Needham lived on the place at the death of his mother (1871), and ever since has claimed it as his own."   Besides this positive proof is the presumption that comes from the long acquiescence of complainants and the fact that only two of the heirs are complaining now.

The deed from Mary Hignite in 1871 even if ineffectual to convey a good title, was color of title and ripened into a perfect title and cannot be attacked after ten years.   *Hartman* v. *Nettles*, 64 Miss., 498.

COOPER, C. J., delivered the opinion of the Court.

The complainants should have had a decree for partition. There is no sufficient evidence of an adverse holding by the co-tenant in possession to put in operation the statute of limitations as against the others.   True it is, that he bought the land, or took a deed therefor from the widow of the common ancestor, but there is no evidence that complainant had notice thereof or ever heard that he claimed to be the owner of the whole interest in the land.   A tenant in common out of possession has a right to rely upon the possession of his co-tenant as one held according to the title and for the benefit of all interested until some action is taken by the other evidencing an intention to assert adverse and hostile claims.   If one enters upon the land of a sole owner and without his consent, he must know that such possession exists, and within the time permitted by law take steps to

vindicate his right.   But the possession of a co-tenant is a law-ful possession and of and by itself is not evidence of an ouster.
                *The decree will be reversed and cause remanded.*