Statement of the case.

HARRISON BENTLEY ET AL. *v.* MIKE CALLAGHAN'S EXECUTOR.

1. TENANTS IN COMMON.    *Statutes of limitations.*    *Code* 1892, §§ 2730, 2734.
   *Adverse possession.*

   The possession of a tenant in common of lands is not adverse so as
   to put the statutes of limitation (code 1892, §§ 2730, 2734) in opera-
   tion against his cotenants without notice to them of an adverse
   holding and such an intent to oust them as would justify them in
   proceeding against him by ejectment.

2. SAME.   *When adverse.*

   The possession of a tenant in common is never adverse until there
   is an actual ouster of the cotenants, or some act equivalent thereto.

3. SAME.   *Mortgagor and mortgagee.*

   The possession of a mortgagor is not adverse to the mortgagee until
   there has been a repudiation of the mortgage or denial of the
   right of the mortgagee so open and notorious that knowledge on
   his part will be presumed.   1 Am. & Eng. Enc. L. (2d ed.), 815.

4. EJECTMENT.   *Death of plaintiff.*   *Code* 1892, § 1658.   *Appeal.*

   If a plaintiff recover in ejectment and die before the prosecution of
   an appeal to the supreme court, his executor may, without revivor,
   under code 1892, § 1658, be made the sole appellee in the cause.
   (Not in the opinion, but see statement of the cause.)

FROM the circuit court of Noxubee county.

HON. GUION Q. HALL, Judge.

Callaghan, whose executor is the appellee, was the plaintiff
in the court below.   Bentley and others, appellants, were de-
fendants there.   Callaghan and two other persons formerly
owned the land jointly, and Callaghan had possession.   He and
one of his cotenants mortgaged their interest in the land.   The
mortgage was foreclosed, and the title conveyed thereby passed
to the third tenant, who sold the entire interest to defendants,
Callaghan yielding them possession.   Afterwards Callaghan
instituted this suit, an action of ejectment, claiming that he had

acquired title to the lands under the statute, code 1880, § 2668, code 1892, § 2734, by more than ten years' actual adverse possession before he left the premises, and he recovered judgment in the court below. A few days after the rendition of the judgment below, and before the prosecution of the appeal, Callaghan, the plaintiff died, leaving a will by which a Mr. Rives was appointed his executor, and Rives qualified as such. Bentley and others, appellants, then appealed to the supreme court, making Rives, the executor, the appellee. Rives, executor, appeared in the supreme court and moved to dismiss the appeal, assigning as cause therefor, that the executor was not a party to the cause, and that the judgment had not been re vived. This motion the supreme court overruled, without delivering any opinion thereon. (See *New Orleans, etc., R. R. Co.* v. *Rollins*, 36 Miss., 384, and code 1892, § 1658, which are supposed to have controlled.) The case was then submitted on the merits.

*Mc Willie & Thompson*, for appellants.

Defendants had both title and possession when the suit was begun, unless that title was divested by plaintiff's long possession. Plaintiff's possession was not adverse to his tenants in common; it was not adverse to the trustee and beneficiaries in the mortgage which he executed. 1 Am. & Eng. Enc. L. (2d ed.), 801, 802 and cases cited; *Ib.*, 815 and cases cited. The possession of a mortgagor, even after foreclosure, is in subordination to the title of the purchaser until an intention to claim the premises adversely is made manifest. The case in the court below should have been tried in recognition of these principles, but it was not. No attention whatever seems to have been given to them. The trial proceeded as if the parties had been strangers. The plaintiff testified that he was in possession from 1861 to 1896, but there is nothing to show a change in the character of his holding.

The third instruction given for plaintiff is erroneous, because it applied to the case the doctrine of adverse possession as between strangers; and, besides, it took from the jury the right to determine the weight to be attached to the evidence of plaintiff's surrender of the land in 1896. The surrender of the premises was a material piece of evidence for defendents, in this, it tended to show that plaintiff's occupancy was not adverse and hostile.

*Rives & Brooks*, for appellees.

The evidence of plaintiff's witnesses, as well as his own testimony, shows conclusively that M. Callaghan was in actual, open and adverse possession of the land in controversy for a a period of nearly twenty years, claiming it as his own and exercising every act of ownership and control over it. The jury found in accordance with these facts and the law.

That such a confession confers title needs no argument. *Jones* v. *Brandon*, 59 Miss., 585; *Davis* v. *Bowmar*, 55 Miss., 671; *Paxton* v. *Valley Land Co.*, 68 Miss., 739; *Davis* v. *Davis*, 68 Miss., 478; *Geohegan* v. *Marshall*, 66 Miss., 676; *Metcalfe* v. *McCutchen*, 60 Miss., 145; *Green* v. *Mizelle*, 54 Miss., 671.

Argued orally by *R. H. Thompson*, for appellant.

CALHOON, J., delivered the opinion of the court.

Callaghan, Thomas and Beauchamp owned the land as tenants in common, and Callaghan was in possession as such tenant in common. His possession could not become adversary to them, or those claiming under them, without notice that his claim was antagonistic. There must be shown such an intent to oust them as would justify them in bringing ejectment against him. *Alsobrook* v. *Eggleston*, 69 Miss., 833 (13 So., 850); *Hignite* v. *Hignite*, 65 Miss., 447 (4 So., 345; 7 Am. St. Rep., 637); *Day* v. *Davis*, 64 Miss., 253 (8 So., 203);

*Jonas* v. *Flaninken*, 69 Miss., 577 (11 So., 319).    This principle is everywhere recognized, and arises out of the other principle of law that the possession of one tenant in common is the possession of all.    It can "never be adverse until there is an actual ouster of the cotenants, or some act deemed by law equivalent."    1 Am. & Eng. Enc. L., 801, 802 and notes. As to mortgagors in possession, *Id.*, 815.    Callaghan's possession of the whole property being by law presumed to be permissive of his cotenants as well as of his mortgagee, this record nowhere shows that there was ever any apparant change in its character to that of hostility to the other interests.    A jury might conclude that Callaghan himself recognized that he was in possession subject to the title of his adversary, because he surrendered his possession to appellants in 1896.    He explains this surrender without other reason than that he was in bad health, which to the jury might seem to be a first-rate reason for not surrendering.    The appellants claimed derivatively from J. Holberg, who had a paper title to two-thirds derivatively from the sale under the mortgage executed by Callaghan and Thomas, a cotenant, and to the other one-third through successive conveyances commencing with Beauchamp, the other cotenant; and Callaghan seems to have been quiescent while J. Holberg lived.    After his death he brought this action of ejectment.    These matters are instanced not from any purpose to indicate what should be the final result on a trial proceeded with on the principles we think correct, but to point out what we regard as error in the third instruction given at the instance of Callaghan, which seems to take from the jury the right to weigh the surrender as evidence, for what the jury might think it worth, or whether his claim was or was not adverse.    The case seems to have been tried in the court below without regard to the principle that it is not enough, as between cotenants, or mortgagor and mortgagee, that the possession, to convey title, should be apparently adverse, but must be such with

actual notice to the mortgagee or cotenants, or shown by such acts of repudiation of their claim as are equivalent to actual notice to them.

*Reversed and remanded.*