CAMPBELL, et ux. *v.* STATE HIGHWAY COMMISSION, et al.

Division A. Nov. 5, 1951.

No. 38045 (54 So. (2d) 654)

438

**E. L. Dent** and **W. W. Dent,** for appellants.

**Matthew Harper, Jr., Hugh McIntosh** and **Overstreet & Kuykendall,** for appellees.

**Arrington, C.**

Bill of complaint was filed in the Chancery Court of Covington County, Mississippi, against the State Highway Commission, the State of Mississippi, W. L. McGahey, State Land Commissioner, and the Board of Supervisors of Covington County, to cancel claim of defendants to a right of way deed previously executed to the State of Mississippi for the use and benefit of the State Highway Commission. The defendants answered, denying all the material allegations of the bill and filed cross-bill asking that title be quieted and in the alternative, that if the instrument was not clear or the description in the deed insufficient, that same be corrected to show the intention of the parties.

Upon a hearing, the court entered a final decree dismissing the bill of complaint and sustaining the prayer of the cross-bill, finding "that the said instrument is a good and sufficient right of way deed and the said instrument is also a good act of dedication to transfer title to the said right-of-way."

Under Chap. 368, Miss. Laws of 1946, the following road was designated as a secondary state highway: "A link of road to extend state highway 35W beginning at or near Mt. Olive, Mississippi, and running southwesterly to intersect U. S. highway 84 at or near Lone Star, thence to Bassfield, thence to Columbia, Mississippi."

Under date of December 29, 1947, the Board of Supervisors of Covington County adopted the following resolution:

"A resolution requesting the state highway commission to take over the construction and maintenance of the following link of road:

"Whereas, by Chapter 368 of the Laws of the State of Mississippi, a link of road to extend State Highway 35W, beginning at or near Mt. Olive, Mississippi, and running Southwesterly to intersect U. S. Highway 84 at or near Lone Star, Mississippi, thence to Bassfield, thence to Columbia, was designated as a Highway in the secondary group of the State Highway System.

"Now, therefore, be it resolved and ordered by the Board of Supervisors of Covington County, Mississippi, in Special Session, that the State Highway Commission of the State of Mississippi, be requested to take over for construction and maintenance, that part of said Highway running through Covington County, between Mt. Olive and Lone Star, Mississippi."

On December 30, 1947, the State Highway Commission passed an order taking over said road when the Board of Supervisors of Covington County complied with the following requirements:

1. Deed or deeds to the right of way for this road must be furnished the State Highway Department, said

right of way to be not less than sixty (60) feet in width, 30 feet right and left of the center line.

2. All encroachments, such as fences, buildings, signs, etc. must be removed from said right of way, and communication and power lines that would interfere with the maintenance of the road must be set back as directed by the Engineer.

3. The roadway, bridges, and drainage structures must be brought up to the State Highway Department's standards or better.''

Upon the passage of this order, the Board of Supervisors of Covington County proceeded to comply with the requirements stated therein by getting right of way deeds. The right of way deed signed by the appellants in this cause reads as follows:

''State of Mississippi

County of Covington.

''Whereas, on the 29th day of December, 1947, the Board of Supervisors of Covington County, Mississippi in special session requested the State Highway Commission of the State of Mississippi to take over for construction and maintenance State Highway #35 West beginning at or near Mt. Olive, Mississippi, and running Southwesterly to the intersection of United States Highway #84 at or near Lone Star, Mississippi, thence to Bassfield, Mississippi, and thence to Columbia, Mississippi, and designated as a secondary property of the State Highway System by Chapter #368 of the Laws of 1946 of the State of Mississippi.

''For and in consideration of the State of Mississippi taking over the said highway and the benefits derived therefrom, we, the undersigned owners of land in Covington County, Mississippi, over which said highway is constructed hereby convey and warrant to the State of Mississippi for the use and benefit of the State Highway Commission of the State of Mississippi a right of way sixty (60) feet in width extending thirty feet to the right of the center line and thirty feet to the left of the

center line of all that part of State Highway #35 West lying in Covington County, Mississippi, and extending to begin at or near Mt. Olive, Mississippi, and run Southwesterly to intersect United States Highway #84 at or near Lone Star, Mississippi, thence to Bassfield, Mississippi, thence to Columbia, Mississippi, according to the location of said road at the present time, less and except all of the oil, gas and minerals, in, on, under and upon the said right of way.

"This grant is entered into for the purpose of conveying a right of way and easement for public road purposes as heretofore set out and shall include all damages to adjacent land owned by the undersigned by virtue of the construction, maintenance and use of the aforesaid land for highway purposes.

"Witness our signatures on this the 1st day of January, 1948.

"W. M. Campbell<br>
Lela Campbell, and others.

"State of Mississippi
  County of Covington

"Personally appeared before me the undersigned authority in and for said County, the within named W. M. Campbell, Lela Campbell, (and others), who acknowledged that they each signed and delivered the foregoing instrument on the day and year therein mentioned.

"Witness my hand and seal of office on this the 16 day of June, 1948.

"Robert Gatlin<br>
Justice of the Peace<br>
for beat #4

"Seal

"My Commission Expires: Jan. 1st, 1952

"Filed for record at 4:00 P.M. on the 24 day of June, 1949 and was duly recorded on the 25th day of June, 1949.

"I. S. Sanford,<br>
Chancery Clerk<br>
By L. Ramsay, D. C."

"Seal

The appellants contend that the instrument was signed on Sunday; that they were mislead in signing the instrument; that their property should not be taken without consideration; that the instrument was not delivered to anyone having authority to accept for the Highway Commission; that the acknowledgment was false and fictitious; that the instrument was not subject to recordation; and that the property was not clearly described or the rights of the parties clearly defined in the deed.

Upon the trial of the cause, the appellant, Mr. Campbell, admitted that he read the deed and that the deed was signed and delivered to Mr. Woodrow McRaney, but contended that it was signed on Sunday. The evidence shows that Mr. Campbell had been a member of the Board of Supervisors of Covington County for eight years and although he testified that he signed and delivered the instrument, he further stated that it was his understanding that the deed would not be acknowledged or recorded and that it would never be used.

The evidence further shows that Mr. Woodrow McRaney was acting for the Board of Supervisors of Covington County in getting the deed executed. He testified that the deed was executed on a week day and denied that there was any understanding with Mr. Campbell that the right of way would never be used.

The main assignment of error argued is that the court erred in holding that the instrument set out above was a good and sufficient right of way deed and also a good act of dedication to transfer title to the said right of way. We are of the opinion that the finding of the chancellor that the instrument is a good and sufficient right of way deed to transfer title to said right of way in the State Highway Commission is amply supported by the evidence. It is immaterial as to whether the deed was acknowledged and subject to recordation as it was good between the parties without being acknowledged or recorded.

In Saffold et al. v. Horne et al., 72 Miss. 470, 471, 18 So. 433, the Court held: ██ ██ "Where the question at issue is as to the actual delivery of a deed, and no rights of third persons growing out of the registry laws are involved, the validity or invalidity of the acknowledgment is immaterial." (Syllabus 4). In Kelly et al. v. Wilson et al., 204 Miss. 56, 36 So. (2d) 817, the court held that a deed was good between the parties thereof even though defectively acknowledged.

The contention that appellants' land is being taken without consideration is not well founded as, ██ ██ in the absence of fraud, a voluntary conveyance of land can not be vacated at the instance of the grantor upon the ground that it was made without any consideration. In Longmire v. Mars et al., 124 Miss. 77, 86 So. 753, 754, the court held: "A total failure of consideration for a voluntary conveyance, in the absence of fraud, is no ground for a cancellation of the deed. This has been repeatedly decided by this court. In the case of Dixon v. Milling et al., 102 Miss. 449, 59 So. 804, 43 L. R. A., N. S., 916, the opinion quotes from Day v. Davis, 64 Miss. 253, 8 So. 203, as follows: 'A voluntary conveyance of land cannot be vacated, at the instance of the grantor thereof, upon the mere ground that it was made without any consideration; nor will such grantor be permitted to dispute the existence of the consideration expressed in the deed.' "

In McDaniel v. Johns et ux., 45 Miss. 632, the court there said: "The bill alleges, that these deeds of gift, by which the complainant made a division of his property, were regularly executed and recorded, and in which the grantor reserved to himself and wife the use and enjoyment of the property during their natural lives. These conveyances, though voluntary, are good and effectual as between the parties, and are only liable to be questioned in certain cases, when the rights of creditors and subsequent purchasers are concerned. 4 Kent. 539, top page; 2 Rand. 384; 1 Johns. Ch. 329, 336, and 1 Wash.

cc. 274. And such conveyances, when they have once been executed and delivered, cannot be recalled. Nor will a court of equity interfere, but will leave the parties where it finds them as to title."

In Burnett et al. v. Smith, 93 Miss. 566, 47 So. 117, 118, the court said: "A man of sound mind may execute a will or a deed from any sort of motive satisfactory to him, whether that motive be love, affection, gratitude, partiality, prejudice, or even a whim or caprice."

To the same effect is the case of Cresswell v. Cresswell, 164 Miss. 871, 140 So. 521, 144 So. 41, 43, where the court held "* * * that persons of sound mind, except those under 21 years of age, and those who have been over-reached, must abide the consequences of their solemn, deliberate acts, equity cannot require cancellation and recision." In 31 C. J. S., Estoppel, Sec. 13, it is stated: "A person who assumes to convey an estate by deed, or his successor, is estopped, as against the grantee, or those in privity with him, to assert anything in deroga-tion of the deed; he will not be heard, for the purpose of defeating the title of the grantee, to say that at the time of the conveyance he had no title, or that none passed by the deed, nor can he deny to the deed its full operation and effect as a conveyance. So a grantor is estopped by his deed to question the capacity of his grantee to take the estate conveyed." Citing the case of Meyers v. American Oil Company, 192 Miss. 180, 5 So. (2d) 218.

We are of the opinion that the respective orders of the Board of Supervisors and the State High-way Commission are regular. The fact that the State Highway Commission adopted an order on February 14, 1950 excepting two miles of the road in question pending outcome of litigation is not material. Chapter 6, Mis-sissippi Laws Extraordinary Session 1949 designated the link of road in question, Mississippi 35, as a state highway and placed it under the jurisdiction of the State Highway Commission. Section 2 of the same act reads

in part as follows: "State Highways Designated—The following highways are hereby designated as state highways and shall be placed under the jurisdiction of the state highway commission for construction and maintenance, as hereinafter provided, and such highways are declared to be the state highway system of Mississippi, as hereinafter provided:

"1. All highways that are a part of the federal aid primary highway system of the state, together with all other roads, highways or streets of the present state highway system as now taken over for maintenance by the state highway commission and presently so maintained, which are described below, together with such additional highways as are hereinafter specifically designated, are hereby designated as state highways. Such additional highways shall be taken over by the state highway commission for construction and maintenance as soon as any such highway or link of highway, including the bridges thereon, has been constructed according to the plans and specifications of the state highway department and has been brought up to such standards as are required by the state highway department, but in no event shall the total mileage of the state highway system be more than 8600 miles, provided, however, that when acting under any existing law such construction is to be done at the cost and expense of the highway commission, such highway or link of highway shall be taken over as so provided by such existing law not hereinafter specifically repealed."

The evidence in this case was ample to support the decree of the chancellor and the judgment of the lower court is affirmed.

Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.