ETHRIDGE, Chief Justice.
This case involves a conditional delivery of a deed dated November 22, 1961, from appellant, Mrs. Bessie Stockstill Paoli, to her brother, James R. Stockstill, who died March 30, 1965. After Stockstill’s death the deed was found in his lock box at the bank. Mrs. Paoli filed a bill of complaint against Janie Anderson and others, heirs at law, along with her, of her deceased brother, James R. Stockstill. She sought to cancel as a cloud on her title the deed from her to her brother of November 22, 1961. The chancery court dismissed the bill, and we affirm.
On November 1, 1961, in consideration of one dollar and other considerations James R. Stockstill conveyed by warranty deed to *168 Mrs. Paoli the west 135 feet of the south 65 feet of Lot 2, Block H, in the City of Picayune. This deed was filed for record on November 22, 1961. It recited no conditions.
On November 22, 1961, Mrs. Paoli signed a warranty deed to Stockstill conveying the same property to him. This deed contained no restrictions or conditions. It was acknowledged by Mrs. Paoli before a notary public, and stated that she had “signed, delivered and executed” it on the date of the instrument. The deed was filed for record by the administrator of the estate on June 15, 1965, after Stockstill’s death, when it was found in his lock box at the bank.
On May 23, 1962, Mrs. Paoli executed a warranty deed to Stockstill conveying to him the west 75 feet of the south 65 feet of Lot 2, Block H, of the City of Picayune. This deed was filed for record the day after its execution.
The originals of these three deeds were found in the lock box at the bank which had been rented by Stockstill. He had its exclusive use. Moreover, the record supports a finding by the chancery court, implied from its decree against appellant, that Stockstill dealt with the property as his own. He rented part of it, and a part was blacktopped and used for a parking lot. The lessees paid Stockstill the rent and the cost of the blacktopping.
Fire insurance policies on the improvements listed Mrs. Paoli as the insured. The evidence indicated that she paid the taxes on this property for the years 1962-1964.
Mrs. Paoli offered to testify that she had an oral agreement with her brother that the deed from her to him (November 22, 1961) was not to take effect on that date, but was to become effective only if she predeceased him. The trial court sustained appellees’ objection to this testimony, on the ground that the grantor could not testify as to any oral agreement which she might have had with the grantee concerning the purpose of the deed and oral conditions or restrictions on its effect.
A presumption of delivery of a deed arises from its possession by the grantee. This presumption may be rebutted by showing that there was in fact no delivery. However, this must be done by clear and convincing evidence, and there was none here. 23 Am.Jur.2d Deeds §§ 115, 126 (1965).
The general rule on conditional delivery to the grantee is summarized in 6 Powell, The Law of Real Property section 897 (1965):
When a grantor “delivers” his deed directly to the grantee but annexes to such delivery some oral condition, the great weight of authority finds ownership located in the grantee and the oral condition completely ineffective. A relatively small group of states treat the majority rule as an excess of formalism and permit oral conditions attached by the grantor to a delivery made directly to the grantee, to be enforced. The taking of a position on this controversial point is avoided when a court finds that the alleged oral condition was unproved. In view of the readily available and permissible device of a delivery in escrow, when the grantor wishes to make his delivery conditional, this writer believes the majority rule to be the sound one and not a mere anachronistic survival of primitive formalism, as has been charged.
 The instrument contained no conditions or restrictions on its effectiveness. To permit Mrs. Paoli to set up a condition by parol evidence would contradict her deed, which is unambiguous on its face. Thus such parol evidence as to a conditional delivery is generally held to be inadmissible. 23 Am.Jur.2d Deeds § 92 (1965); Annot., 11 A.L.R. 1174 (1921). This view has been consistently applied in this jurisdiction. Parol evidence is not admissible to vary the terms of a plain and unambiguous deed. Garraway v. Bryan, 224 Miss. 459, 80 *169 So.2d 59, 61 A.L.R.2d 1587 (1955); Campbell v. State Highway Comm., 212 Miss. 437, 54 So.2d 654 (1951). In short, delivery to the grantee of a deed absolute on its face will pass complete title to him regardless of any oral condition or contingency upon which its operative effect is made to depend. 26 C.J.S. Deeds § 48 (1956). Because of the importance of stability of titles, we think this rule is a sound one and not a mere formalism.
In summary, the grantee had exclusive possession of an unqualified deed, and was exercising control over the property as his own. Although some of the evidence indicated a possible contemporaneous oral condition, that is, the payment of taxes by Mrs. Paoli and designating her as the insured, these circumstances alone are insufficient. They may well have been the result of a brother’s undertaking to help his sister. The presumption of delivery and the parol evidence rule preclude this attack on the deed.
Affirmed.
RODGERS, PATTERSON, SMITH and ROBERTSON, JJ., concur.