# CASES ARGUED AND DECIDED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

# OCTOBER TERM, 1883.

## E. G. COOK *v.* DAVID FRILEY.

1. BILL TO REMOVE CLOUDS. *Defendant's claim. Its nature.*
   Under Code 1880, § 1833, the real owner of land can file a bill to cancel a paper title, or a bill for protection against a pretense of title to the disparagement of his ownership.

2. SAME. *Pleading. Complainant's title.*
   An averment that the complainant is the real owner is sufficient under this statute, and his chain of title need not be set forth in the bill.

3. SAME. *Specific title of defendant. How set forth.*
   If the object is to cancel a particular evidence of title possessed by the defendant, it should be as fully described as known to the pleader.

4. SAME. *General claim by defendant. How averred.*
   In case of a complaint against a mere assertion of claim, failure to describe the defendant's title is no ground of demurrer, but he must plead his right in answer.

5. SAME. *Practice. Costs. Decree.*
   If the defendant disclaims title, it is a mere question of costs, but if he asserts a claim, its validity will be passed on, and, unless maintained, will be disposed of by decree against him.

APPEAL from the Chancery Court of Washington County.
HON. W. G. PHELPS, Chancellor.

(1)

The appellant exhibited his bill against the appellee, and alleged that he is the real owner of the land in controversy, commencing with a patent from the United States, and that his deeds will be shown at the hearing if requested; that he has been in uninterrupted adverse possession, by his tenants, for more than ten years, one tenant occupying the premises from 1877 to June 6, 1881, the date when the bill was filed; that the defendant is not the real owner, but asserts some claim to the land, and pretends to have a title, and that he probably has a conveyance from the board of liquidating levee commissioners; that the board acquired its title in May, 1869, and the privilege of redemption expired in May, 1871, and that no action to recover the land has been commenced at law and no bill to confirm the tax title has been filed in equity, within ten years after the defendant's right accrued, and the complainant relies on the bar of limitation. Other averments were made, and they are stated in the opinion. The prayer was for relief adapted to the circumstances of the case.

A demurrer, which was sustained, assigned the following causes: 1. There is no equity in the bill. 2. The complainant's title must be set out and stated. 3. The ten years' possession is not alleged to have been adverse; and if it were, it would not confer title. 4. This is an action of ejectment in disguise. 5. The complainant's remedy is barred.

*H. F. Simrall*, for the appellant.

1. The statute under which the bill was filed is very broad. Suit is allowed in behalf of the rightful owner whether in or out of possession, and is not limited to dissipating a cloud created by a deed or other written evidence of title, but extends to any asserted claim or pretense of right. Code 1871, § 975; Code 1880, § 1833. He is the real owner who has held possession for ten years under claim of title against all the world. Such an owner the complainant is admitted to be by the demurrer, for the possession of those in privity of title is available to him. It is unnecessary for him to set out the conveyances which make the links in his chain of title, but he avers that the chain reaches back to the United States. In this respect, the bill is sufficient.

2. The complainant who drew his own bill may not have known precisely the nature of the defendant's claim. Hence the vagueness in its description. It is averred that the defendant claims the property and threatens suit. Allegations that he has attempted to disposses the complainant's tenant and may have forcible possession are material only as showing his assertion of claim, and cannot defeat the bill, since the true owner may sue whether in or out of possession. Good reasons for equitable relief appearing, the court will not dismiss the bill on general demurrer, because they are vaguely or inartificially set forth.

*Percy & Yerger*, for the appellee.

1. The complainant must show clearly the validity of his own title, and the invalidity of the defendant's title. This bill asserts that the complainant's title is good, but fails to disclose how. It does not set forth the chain of title, and it is impossible for the court to pass upon its validity. *Huntington* v. *Allen*, 44 Miss. 654; *Phelps* v. *Harris*, 51 Miss. 789; *Griffin* v. *Harrison*, 52 Miss. 824. If no demurrer had been filed and the bill were taken *pro confesso* no relief could be granted. Nothing can be made out of the averment of ten years' possession, because it is not shown to have been adverse to the defendant or that the defendant was not under the disability of infancy, absence or the like. It is questionable whether such possession even if adverse would be title to sustain a bill to remove clouds.

2. The defendant's title is not stated. Mere report is relied upon in this branch of the bill. If the defendant has a title from the levee board, it is too late to impeach it. *Powers* v. *Penny*, 59 Miss. 5. The bill states that the defendant may have evicted the complainant's tenant and that he perhaps is now in possession. His averment of adverse possession is destroyed by this admission, and the defendant's title, if this be the one attacked, is shown to be unimpeachable. The bill is, however, in fact a mere bundle of rumors and reports, and was properly dismissed.

CAMPBELL, C. J., delivered the opinion of the court.

The bill in this case is wanting in precision and clearness, but

Continuance of the opinion.

it avers that complainant is the real owner of the land, and that the defendant is not, but that he asserts some claim or title thereto which may cast doubt or suspicion on the title of complainant, and that the defendant probably has a conveyance from the board of liquidating levee commissioners, which the bill proceeds to show is not available to him according to the view of the complainant, and in our opinion the bill presents a case entitling the complainant to relief. Besides the averment of title by successive conveyances under the United States the bill avers that the complainant has been in actual adverse possession of the land for ten years next before the filing of the bill, and although it states that the defendant " may have attempted within less than three years last past to dispossess (the tenant of complainant) and may forcibly hold the same." It also avers that the defendant threatens to disturb the possession of complainant.

If the complainant is the real owner of the land, and the defendant either has any evidence of title thereto, or asserts any claim or pretends to have any right or title thereto, which may cast doubt or suspicion on the title of the real owner, such real owner may exhibit his bill against such person to have such evidence of title cancelled or the cloud, doubt or suspicion removed from the title.

The statute, § 1833 of the code of 1880, not only authorizes the real owner to file his bill to cancel a paper title, but also to remove the cloud, doubt or suspicion which may spring from the assertion of claim or pretense of right or title thereto by the defendant, who without any muniment of title may assert a claim or pretend to have right or title. The purpose was to give the real owner a remedy against one who asserts any claim or pretends to have any right or title to such owner's land, in analogy to the right of action by the canon law for jactitation of marriage. The real owner is entitled to protection against jactitation of title to the disparagement of his real ownership. He may bring into court one who asserts any claim or pretends to have any right or title to his land, and require him to vindicate his claim or submit to its extinguishment by decree of the court. The defendant in such case must maintain his claim or right, or it will be disposed of by decree

against him.   If he disclaims all right or title, it is a mere question of costs.   If he asserts a claim or right as to the land, its validity will be passed on by the court.   All that the complainant need aver is that he is the real owner, and that the defendant is not, but asserts claim or pretends to some right to his land so as to cast doubt or suspicion on his title, which he seeks to have disposed of as a cloud on his title—clearing it by decree of the court.   The bill before us states this, and the demurrer should have been overruled.   The complainant is not required to set forth in his bill the chain of evidence by which he became the real owner of the land. It is sufficient to aver that he is such owner, and, if it is denied, prove it.   If it is the object of the bill to cancel a particular evidence of title possessed by the defendant it should be set forth in the bill as fully and particularly as known to the pleader, but as a bill may be brought to dispose of any claim or pretense of right or title asserted or made by the defendant, it follows that it cannot be a ground for demurrer to a bill that it does not set forth the title sought to be cancelled.   The complaint may be against an assertion of claim, and the defendant must set forth his claim and make it good.

*Reversed and demurrer overruled.*