CLARA J. WILDBERGER ET AL. *v.* HAMPTON PUCKETT ET AL.

CHANCERY PLEADING.    *Bill to remove clouds from title.*

> A bill in equity to remove clouds from title to land need not show the defects in defendant's claim, although it shows the instrument on which such claim is based.

FROM the chancery court, second district, of Coahoma county. HON. A. MC. KIMBROUGH, Chancellor.

Puckett and others, appellees, were the complainants and Wildberger and others, appellants, defendants in the court below. The object of the suit was to cancel a cloud on complainants' title to lands. The bill set out the deed under which defendants claimed the lands. It was demurred to on the ground that the invalidity of said deed was not sufficiently shown. The demurrer was overruled, and the defendants appealed to the supreme court from the decree overruling the demurrer.

*R. H. Wildberger*, for appellants.

The complainant must set forth in plain and concise language the deraignment of his title, and a mere statement that complainant is the real owner of the land shall be insufficient. Code of 1892, § 501.

The complainant must have a perfect legal or a perfect equitable title, and must show the invalidity of his adversaries' claim. *Toulmin* v. *Heidelberg*, 32 Miss., 268; *Jayne* v. *Boisgerard*, 39 Miss., 796; *Huntington* v. *Allen*, 44 Miss., 654; *Handy* v. *Noonan*, 51 Miss., 166; *Griffin* v. *Harrison*, 52 Miss., 824; *Banks* v. *Evans*, 10 Smed. & M., 62.

---

---

It is no showing of the invalidity of appellant's title to allege simply that all of the deeds upon which it rests are "void and of no effect." There is no impeachment of the defendant's title set forth by the bill. *Belcher* v. *Mhoon*, 47 Miss., 613; *Virden* v. *Bowers*, 55 Miss., 1.

*J. W. Cutrer*, for appellees.

The allegations of the bill show that complainants are the true owners of the land in question, and that defendants are asserting a title to the same, which title it is charged is absolutely void and invalid, and of no effect except to place the title of the complainants under suspicion. It is eminently a function of the chancery court to entertain bills of this nature. All that is necessary is for complainants to show their own title and allege that defendants are asserting a title, or some title, or pretended title, to the same lands. Code 1892, § 500.

It is not necessary in bills to remove clouds from titles to allege the exact nature of defendant's claim of title, or to set out specifically wherein it is bad. All that is necessary is to allege that the defendants assert some claim, or that they hold some sort of title to the lands in question. *Cook* v. *Friley*, 61 Miss., 1; *Wofford* v. *Bailey*, 57 Miss., 239, s. c. 17 Enc. Pl. & Prac., 337, note 1; *Bishop* v. *Wadrom*, 56 N. J. Eq., 484; *Moninghoff* v. *Sayer*, 41 N. J. Eq., 113; *Ely* v. *Railroad Co.*, 129 U. S., 291; *Railroad Co.* v. *Oyler*, 60 Ind., 383; *Whipple* v. *Earick*, 93 Ky., 121; *Tolliston Club* v. *Clough*, 146 Ind., 93; *Southmayd* v. *Elizabeth*, 29 N. J. Eq., 203.

CALHOON, J.; delivered the opinion of the court.

Appellants filed their bill to remove a cloud on their title. It avers the cloud to be a claim under tax sales, one of which is charged to have been made of part of the land by the tax collector of Coahoma county on March 3, 1890, "for taxes improperly alleged to be due and unpaid for the year 1889," and avers that he made a deed to the purchasers, which deed

was recorded.  Another is charged to be a sale on the same day by the same collector of another part, in the conveyance of which it is charged that the lands were "inaccurately described," and the bill charges "attempted sales and conveyances by the tax collector" in 1891–1896 and 1897, giving dates, etc., in separate clauses, and then avers them all to be "absolutely void and without effect save to cast a cloud, doubt and suspicion upon the title of these complainants."

There is a demurrer to this bill on divers grounds, all clearly untenable, as we think.  Only one of them needs to be noticed, and on that it is ingeniously argued that the averments are insufficient.  We cannot concur in this view.  See the authorities cited in the briefs of counsel for appellee, and especially *Cook* v. *Friley*, 61 Miss., 1; and 17 Enc. Pl. & Prac., 337, and note 1, and page 338, text and note 1, and page 339, text and note 2.  It seems to be the overwhelming weight of authority that the defects in the defendant's claim in bills to remove clouds need not be pointed out, even where the bill does, as it need not do but does here, describe the instrument under which the adverse claim is based.

The demurrer, in our opinion, was properly overruled, and the case is

*Affirmed and remanded with sixty days allowed defendants below, after mandate filed, in which to answer.*