GAMBRELL LUMBER COMPANY *v.* SARATOGA LUMBER COMPANY.

1. EQUITY. *Quieting title. Code 1892, § 499. Requisites of bill.*

   Under Code 1892, § 499, authorizing the confirmation of title to land by a proceeding in equity, the complainant must show:

   (*a*) That he is in actual possession of the land; or,

   (*b*) In case he be out of possession, that there is no adverse occupancy.

2. SAME. *Presumptions. Demurrer.*

   If a bill in equity predicated of said section of the code (499) fail to aver that the complainant is in possession and conclude with a prayer for a writ of assistance, it impliedly charges that defendant is in possession, and, therefore, is demurrable.

3. SAME. *Removing cloud. Code 1892, § 500.*

   Under Code 1892, § 500, authorizing the removal of a cloud from title to land by a proceeding in equity, a suit will lie whether the cloud be cast by a recorded instrument or by a mere assertion of a hostile claim, but, in either case, the bill must show:

   (*a*) The perfect fairness of complainant's title, and

   (*b*) The facts, if they be known, of which the invalidity of defendant's title, or claim, is predicated, general charges of fraud and simulation being insufficient.

FROM the chancery court of Rankin county.

HON. JAMES L. McCASKILL, Chancellor.

The Saratoga Lumber Company, the appellee, a corporation, was the complainant in the court below; the Gambrell Lumber Company, also a corporation, the appellant, was defendant there. The defendant, although duly summoned, failed to appear in the court below. A decree *pro confesso* was taken against it,

and a final decree, predicated thereof, was rendered in complainant's favor, from which the defendant appealed to. the supreme court.    The facts touching the contents of the bill of complaint are stated in the opinion of the court.

*Green & Green,* for appellant.

*Point One.*—The exhibit, being the basis of the right of the confirmation of the title of complainant, controls the averments of the pleader of conclusions in conflict with them.

Let it be noted that the appellee invokes the doctrine of common source of title, thereby coming within the requirement of the statute, and that in the deraignment from the common source it is shown that the owner made a deed of trust, and that is the keystone to the complainant's title.    That instrument is made an exhibit to and a part of the bill.    Consider *McNeill* v. *Lee,* 79 Miss., 459 (s.c., 30 South. Rep., 821), wherein the court most properly held: "The bill alleges that there had been no default when the sale was made, but the deed of conveyance by Willis to Lee is made an exhibit to the bill, and it recites that default had occurred in the payment of the debt; and the rule is settled here that where the statute makes an exhibit a part of the bill, and it is contradictory to some allegation of the bill, the fact will be taken as stated in the exhibit. *House* v. *Gumble,* 78 Miss., 259 (s.c., 29 South. Rep., 71)."

In *House* v. *Gumble, supra,* this court said, when speaking along a similar line: "And when an exhibit made a part of the bill by the statute is contradicted by some averment of the bill, the fact will be taken in conformity with the exhibit.    The exhibit, especially when it is a copy of the record, is to be taken as true rather than a contradictory averment in the pleading relating to the same fact.    *Williamson* v. *White,* 101 Ga., 276; *Deposit Co.* v. *Lackey,* 149 Ind., 10; *Frieberg* v. *Magale,* 70 Tex., 116."

The title, the right of the complainant, is placed in it under

and by virtue of the terms of the several exhibits that are made part of the bill in this cause, and the rights that the complainant have under and by virtue of the same arose thereunder and are to be governed thereby.

Now, consider the terms of the deed of trust whereunder the right of complainant is derived and whereunder the title that is sought to be confirmed arose. The deed of trust, the foundation stone of the title of the appellee, set out that "this deed of trust is given subject to a certain recorded deed of trust on same property in favor of the Gambrell Lumber Company." This is the language of the exhibit, the foundation of the title of the appellee. But this is not all. Consider the terms of exhibit "B," voluntarily made a portion of the case and whereon the appellee relies to recover. This is the so-called resignation of Kent, trustee. It is in these significant words: "Having executed a deed of trust made by Mrs. Julia Randall to the J. D. Gambrell Lumber Company, and being trustee (in) a certain deed of trust made by Mrs. Randall in favor of the Saratoga Lumber Company, which is recorded in deed book UU, pp. 106, 107, in the office of the chancery clerk of Scott county, Mississippi, I hereby refuse to execute the trust created by the last-mentioned deed of trust."

Note the words, "Having executed a deed of trust made by Mrs. Julia Randall to the J. D. Gambrell Lumber Company, . . . I hereby refuse to execute the trust created by the last-mentioned deed of trust."

As appellee claims in and under exhibit "A," it must claim in accordance with the terms thereof. There rests upon it an estoppel to deny the force and virtue of the exhibit; it is a part of its chain of title. The venerable maxim that no man can blow hot and cold at the same time is here applicable, or, as put by Broom's Legal Max. (7th ed.), 168, *"Allegans contraria non est audiens."*

This fundamental principle begins in this state with *Wailes* v. *Cooper,* 24 Miss., 208, wherein the holding is most accurately

stated in the syllabus: "It is an established rule that if the title deeds under which a purchaser derives title to land recite an incumbrance, he will be bound by the recital, and presumed to have notice of it, whether he has read the recital or not.    Held, that the law will not permit him to deny notice by insisting that he has not read the deed," and will hold that he took subject thereto.

Enunciating the same rule, see *Davis* v. *Norman,* 55 Miss., 674, wherein it was declared: "The recitals, assumptions, and stipulations of a written contract, in any suit upon that contract, operate as an estoppel upon the parties to it."    See, also, to the same effect: *Stewart* v. *Mathews,* 66 Miss., 23 (s.c., 5 South. Rep., 387); *Deason* v. *Tylor,* 53 Miss., 697; *Gordon* v. *Sizer,* 33 Miss., 805.

*Point Two.*—The execution of the power was void, as shown by the exhibits to the bill.

The deed of trust, the refusal of Kent to act as substituted trustee, the appointment of McIntosh as substituted trustee, are all annexed to the record, and, under the averments of the bill, each and all of them constitute essential steps in the chain of title of the appellee from Julia Randall.

As shown *supra,* the exhibits themselves control and govern when made a part of the bill, and the legal effect of them will be given to the transaction regardless of the averments of the pleader as to the same.

The law as to the execution of the power is set forth in *Sharpley* v. *Plant,* 79 Miss., 190 (s.c., 28 South. Rep., 799), wherein this court held: *"Strictissimi* is the rule in the execution of powers by a trustee under conveyance to him in trust.   A grantor in such an instrument may clog its execution with any and all difficulties and prerequisites to sale which his imagination may conjure up, and they all become vitally essential to a valid sale. There must be a strict adherence, not only to the substance of the power, but also to all formalities required in its execution by the

instrument.    If this be by deed, nothing but a deed will exe-
cute the power.    So, if the deed is to be sealed, the general rule
is strictly adhered to—that powers can be executed only in the
mode and at the time and upon the conditions prescribed in the
instrument creating the power of trust.    Perry on Trusts, sec.
511 (b)."    In reference to the appointment of substituted trus-
tees, Mr. Perry says: "Where it is necessary to act under the
powers thus given in the instrument of trust, it is of the utmost
consequence that there should be an exact compliance with the
power and authority as given.    If there is any irregularity as
to the persons by whom the new appointment is made or as to
the manner in which it is made, the new trustee will be incapable
of exercising any legal authority over the trust property, and
will be a trustee only *de son* tort if he interfere, and any pur-
chaser of the trust property may find his title utterly worthless."
Perry on Trusts, sec. 288; *Learned* v. *Mathews,* 40 Miss., 220;
Brame & A. Dig., 820.    The conditions attached by the donor
of a power must be complied with strictly, however unessential
they may seem.    18 Am. & Eng. Ency. Law, 837, and notes.

*McIntosh Brothers,* for appellee.

The first point argued by counsel for appellant is that "the
exhibit, being the basis of the right of confirmation of the title of
complainant, controls the averments of the pleader."

The principle here announced is sound law and is abundantly
supported by authorities cited in the appellant's brief, and if
the averment of the bill and exhibits, taken together and properly
construed, charge what counsel for appellant in their brief claim
they do, their construction is right, for they claim that the bill
and exhibits in this case charge:

First—That Kent was trustee in the deed of trust given by
Mrs. Julia Randall to the Gambrell Lumber Company upon his
property.

Second—That default was made in the payment of the same.

Third—That Kent, as trustee in the deed of trust, legally advertised and sold the property.

Fourth—That the Gambrell Lumber Company became the purchaser of said property at said sale, and that Kent, trustee, acknowledged and delivered to them a trustee's deed to said property.

If the above assumptions by counsel for appellant are true, and could have been shown by evidence to be the facts, they would have constituted a very simple, perfect, and effective allegation in answer to the bill by the Gambrell Lumber Company, and they had ample opportunity to have answered the same, for it will be seen that this bill was filed on the tenth day of February, 1905; process issued and served on the first day of March, 1905; although plaintiff was entitled to a decree *pro confesso,* at the April term of the court, the bill remained on file and no action was taken until six months after—at the September (1905) term of the court.

Again, we do not think that the reason given by Kent will be taken as an allegation of this bill or as conflicting with any of the averments of the same. The bill charges that he resigned his position as trustee, and files a copy of the resignation as proof of the fact. His reasons for refusing to execute the deed of trust are entirely immaterial and foreign to the issue made in this cause.

Even if he had, in his resignation as trustee, asserted that he had executed a deed of trust made by Mrs. Julia Randall to the Gambrell Lumber Company, and that he was trustee in a certain deed of trust made by Mrs. Randall in favor of the Saratoga Lumber Company (upon the same land), it would not be necessary for us to negative the allegations. Notice, however, that Kent does not charge that he executed a deed of trust to the Gambrell Lumber Company for the land in controversy. The parties to whom Kent sold this land, or attempted to sell it—even admitting that it was the same land—were not asserting any title

or right. Mrs. Randall could own more land than this in controversy, and could give more than one deed of trust to the Gambrell Lumber Company. Furthermore, Kent could assign any reason he chose for refusing to execute a trust for appellee.

The bill charges that "complainant is the true, real, and equitable owner and holder of the land, and that the defendant is setting up some sort of claim to said land, which casts a cloud, doubt, and suspicion upon complainant's title thereto; that said claim of defendant is feigned and fictitious, and it is also false, fraudulent, and simulated, and ought, in equity, to be canceled as a cloud upon complainant's title."

On the last page of the bill, it seems to have been overlooked by counsel for appellant, in their brief, that complainant charged in its bill that the defendant's claim is "false, fraudulent, and simulated, and ought, in equity, to be canceled." It is not only charged that the claim is simulated and fictitious, but that it is false and fraudulent. We cannot conceive of a bill that would tender a fairer, more open, and unequivocal issue than this does; we cannot conceive how it could have been made more pointed, plain, and simple in its allegations. The court below was not made the instrument by which a fraud was perpetrated; and at a time when all the transactions connected with this affair were fresh in the minds of the parties, when a plain, fair issue was tendered to the appellant and ample opportunity given him to defend this suit, he refused to do so, and thereby admitted that all the allegations of the bill were true.

Argued orally by *Garner W. Green,* for appellant, and by *Daniel McIntosh,* for appellee.

Truly, J., delivered the opinion of the court.

Notwithstanding the fact that the decree *pro confesso* and judgment final were taken in the court below by reason of the default of the defendant in failing to file an answer to the bill of complaint, we find ourselves unable to sustain the decree ren-

dered in this cause.    The bill of complaint states no cause of action.    It cannot be saved by the contention made by the counsel for appellee that it is sanctioned by Code 1892, § 499.    The right to confirm titles is granted by that section only to "the owner in possession of any land, or the owner thereof who may be out of possession, if there be no adverse occupancy thereof." Manifestly this bill is not within the purview of that section. It not only does not contain any allegation that the complainant is in possession of the land, or that, being out of possession, there is no adverse occupancy of the premises in question, but it negatives both propositions.    The final prayer of the bill is that "a writ of possession be issued in favor of complainant against said defendant for the possession of the aforesaid property." This averment, of course, implies, not only that the defendant is in the possession of the property, but that this occupancy is adverse to the claim of the complainant.

Nor can the bill of complaint be maintained under the provision of Code 1892, § 500.    That section gives the real owner the right to file a bill only in a case "when a person, not the rightful owner of any real estate, shall have any conveyance or other evidence of title thereto, or shall assert any claim or pretend to have any right or title thereto, which may cast doubt or suspicion on the title of the real owner."    If such suit results in favor of the complainant, the judgment final is that the conveyances or other evidences or claim of title shall be canceled, and the cloud, doubt, or suspicion removed from the title.    But, to maintain a suit under the provisions of that section, it is necessary that the bill of complaint show the perfect fairness of complainant's own title; but it must also show the invalidity of his adversary's claim.    The bill of complaint in the instant case is lacking in both respects.    It contains no definite and specific statement of facts showing that it has a perfect legal or equitable title to the land, and it is lacking in precision and clearness in its charge of the invalidity of appellant's claim.    It avers that both parties

"claim title to said land by and through a common source from Mrs. Julia M. Randall." But the attempted deraignment of complainant's title shows affirmatively that a fatal infirmity adheres thereto. The exhibits to the bill of complaint specially made part thereof show that the substituted trustee had no right to make any sale under the provisions of the trust deed. There is not only a conflict between the recitals of the bill of complaint and the recitals in the refusal of the original trustee to act and the reasons given for the substitution in the instrument appointing the substituted trustee, but it also plainly appears that the substituted trustee was in fact appointed before there had been any refusal on the part of the original trustee to act, and, so far as the record shows, before there had been any demand upon him to take action.

A suit may be brought, under the terms of Code 1892, § 500, to cancel and remove a cloud upon any valid title to land, whether such cloud be cast upon the perfect title by recorded instrument or by mere assertion of unknown, but hostile, claim. *Cook* v. *Friley,* 61 Miss. 1. But when, as in the instant case, there is a distinct admission of deraignment from a common source, such admission necessarily conveys the idea that complainant is advised of the nature and character of the adverse claim asserted by defendant. In such state of case, if the claim be a particular muniment of title, it must be specifically referred to. But, whatever the character of the hostile claim asserted, if known to the complainant, the facts demonstrating its invalidity must be set out. In such case mere general allegations of fraud and simulation are not sufficient.

*The decree is reversed, the decree pro confesso vacated, and the cause remanded.*