Longmire v. Mars et al.

[86 South. 753. No. 21403.]

1. QUIETING TITLE. *Complainant must set forth deraignment of title or reason for not doing so.*

Under sections 550 and 551, Code of 1906 (sections 307 and 308, Hemingway's Code), the complainant must set forth in his bill the deraignment of his title, unless good and valid reason be given why he does not do so.

2. QUIETING TITLE. *Defendant's title must be set forth as known to pleader.*

Under these sections, if the object of the bill is to cancel a particular evidence of title possessed by the defendant and known to the complainant, this title should be fully set forth.

3. QUIETING TITLE. *When bill affirmatively shows good title in defendant from common source. and no title in complainant. demurrer should be sustained.*

Where a bill to remove clouds from title deraigns both the title of complainant and defendant from a common source, and affirmatively shows a good title in defendant, and no title in complainant, a demurrer to the bill should be sustained.

4. DEEDS. *Voluntary conveyance not void for lack of consideration in absence of fraud.*

In the absence of fraud a voluntary conveyance of land cannot be vacated at the instance of the grantor or his subsequent vendee with notice thereof, upon the ground that it was made without any consideration.

APPEAL from chancery court of Neshoba county.

HON. T. P. GUYTON, Chancellor.

Suit by W. H. Mars and others against W. C. Longmire. Decree for plaintiffs on overruling of defendant's demurrer, and defendant appeals. Reversed and remanded.

*Byrd & Byrd,* for appellant.

At the very outset of consideration of this cause we are presented with the question as to whether or not a deed, good on its face, can be set aside and cancelled for a failure to pay the purchase money or for failure of consideration. This court has repeatedly held that this cannot be done. In all respects the deed from the Pooles to Longmire is a good and valid deed and for a recited valuable consideration. There can be no question that the Pooles had a right to convey this land to Longmire even after the trust deed had been executed for the reason that they still retained an equity in the property and surely they cannot be said to be prohibited from conveying this equity to whomsoever they pleased regardless of the trust deed. It is true that the trust deed, or rather the lien of the trust deed followed the land but the fact that the trust deed was a lien on the land does not bar them from conveying the equity. In 2 Jones on Mortgages, (7 Ed.), page 1, et seq., we find the following:

"Against all other persons he (the mortgagor) has the same rights respecting the mortgaged premises that he ever had. He may, so far as his interest goes, deal with it in every respect as the owner. He may devise it, sell it, or lease it, or make any contracts in respect to it."

The United States supreme court, speaking of the rights of a mortgagor to sell his equity in land says: "But one construction can be placed upon this stipulation. It gave

to Jewell authority to sell and transfer title discharged of the lien of the mortgage. It did not empower him to sell subject to the mortgage, that is, to transfer simply his equity of redemption, for that he had without the stipulation. . . . " *Woodward* v. *Jewell,* 35 L. Ed. (U. S.) 478. ?      ?

We might continue to cite authority after authority holding this same view but the matter is so clear we deem it useless to burden the court further.

*Wilson & Dees,* for appellee.

We listened with very much interest to the oral argument of learned counsel for appellant and as we understood his argument, he insists upon one proposition, namely that a deed for the purchase money of land good, on its face, cannot be cancelled by the chancery court. As in his brief, counsel in his oral argument, relies on the Dixon case to sustain his contention. As before stated we do not think that this case has application here for the reason that the facts here are entirely different and the consideration also different. We have cited in our original brief authorities holding the contrary view, and in addition we desire to present the rule as laid down by two of our most modern and accurate authorities. The first of these, volume 4 Ruling Case Law, page 497, paragraph 10, it is said: "Cloud on Title. Whenever a deed or other instrument exists, not void on its face, which may be vexatiously or injuriously used against a party having the rightful possession of real estate, throwing a cloud or suspicion over his title or interest, and he has not at law a plain and adequate remedy for relief against it, the constant practice of a court of equity is to intervene and remove the cloud or suspicion when the suspicion is reasonable by directing that the instrument be delivered up and cancelled." Citing under note 12 next to last word: *Sunset Telephone & Telegraph Co.* v. *William,* 162 Fed., 201, 89 C. C. A., 281, 22 L. R. A. (N. S.) 374  *Wilson* v. *Miller,* 143 Ala. 264, 39

So. 178, 111 A. S. R. 42 and notes, 3 Ann. Cases, 724; *Polk* v. *Rose,* 25 Md. 153, 89 Am. Dec. 773, and note; *Sneathen* v. *Sneathen,* 104 Mo. 201, 16 S. W. 497, 24 A. S. R. 326, and notes.

The next of these authorities is volume 8 Corpus Juris., pages 1189-1190, where it is said : "That instruments create a cloud on title, a, The General Rule. "Equity has jurisdiction to cancel, when the instrument is a deed or other document concerning real estate, which, although inoperative if suffered to remain uncancelled, would throw a cloud on plaintiffs title to the lands which are embraced or to which it refers. This is a part of the well-known and firmly-settled jurisdiction of equity, and remedy at law being considered inadequate. And the relief of cancellation may be granted even if a technical forfeiture of the estate which constitutes the encumbrance follows, where it appears that all the rights under it have been lost by the wilful and prolonged neglect of the party who otherwise might have preserved and enforced by his title. By analogy to the decisions which permit the cancellation of instruments which constitute a cloud on the title to real estate, it have been held that equity has jurisdiction to grant relief against an instrument, other than one relating to real estate, which until its validity is determined, may harass one's business and impair his credit.

In addition to these authorities in which the rule is so clearly stated that a court of equity has full authority to cancel the Longmire deed, we call the court's attention to another Mississippi case, namely *McPherson* v. *Davis et al.,* 48 So. 625, 95 Miss. 215, the court will observe that where the bill of complaint is for general relief, as is the case at bar, the bill should be maintained, and this clearly entitles complainant to the relief sought.

SYKES, J., delivered the opinion of the court.

The appellees, W. H. Mars, J. A. Poole, and M. N. Poole, brought suit in the chancery court against the appellant

defendant in the lower court, praying for the cancellation of a deed executed by the Pooles to Longmire alleging this deed to be a cloud upon the title of Mars. The bill specifically sets out the title of the appellant and appellees as follows: That the two Pooles, husband and wife, were the owners of the land specifically described, and on the 22d day of April, 1912, executed to the complainant Mars a deed of trust in which this land was conveyed to a trustee to secure an indebtedness of one thousand thirty-three dollars and thirty-two cents payable October 1, 1912; that on the 29th day of November, 1912, they (the Pooles) executed to the defendant, Longmire, a deed of conveyance to this land, without the knowledge or consent of the complainant Mars, and at a time when the indebtedness due Mars secured by the deed of trust was unpaid; that the deed to Longmire was duly recorded in the office of the chancery clerk; that the consideration recited in the deed to Longmire is fifteen hundred dollars, but that, in fact, there was no consideration paid by Longmire to the Pooles, and that the real consideration for the execution of the deed was that Longmire was to pay the indebtedness due Mars secured by the deed of trust; that Longmire has never paid this indebtedness; and that there had been a total failure of consideration for the execution of this deed. Subsequent thereto, and on the 28th day of August, 1918, the two Pooles executed a deed of conveyance to the complainant Mars, conveying to him this land for a consideration of fourteen hundred dollars which was the amount then due Mars by the two Pooles under the indebtedness secured by the deed of trust above referrd to; that this deed executed by the Pools to Mars was in full and complete settlement of this indebtedness. The bill then states that Longmire has no equitable right of title to this land because of his failure to pay ·the debt due by the Pooles to Mars, and that this deed is a cloud or suspicion upon the real and true title of Mars. A cancellation of this deed is then asked. A demurrer was filed to the bill alleging that there is no equity in the face of the bill, and

that no cause of action is stated in the bill. This demurrer was overruled, and an appeal allowed from that decree to settle the principles of the cause.

It is the contention of the appellant that the demurrer to the bill should be sustained because the facts alleged in the bill, namely, that the appellant has not paid the consideration, or the purchase price for the land does not entitle the appellees to a cancellation of this deed.

The appellees contend that they are entitled to maintain this suit under section 550, Code of 1906 (section 307, Hemingway's Code), authorizing suits for removing clouds upon titles.

The appellees rely upon the authorities of *Cook* v. *Friley,* 61 Miss. 1, *Wildberger* v. *Puckett,* 78 Miss. 650, 29 So. 393, and *Lumber Co.* v. *Lumber Co.,* 87 Miss., 773, 40 So. 485, as sustaining their right to maintain the suit.

In the case of *Cook* v. *Friley* the bill alleged that the complainant was the real owner of the land and deraigned his title thereto, showing a good paper title. It then alleged that the defendant claimed an interest in the land by virtue of certain conveyances alleged to be void. The bill also alleged title by adverse possession in complainant. In other words, the bill in that case alleged and showed a good title in the plaintiff and a void title of the defendant. It is stated in this opinion that:

"All that the complainant need aver is that he is the real owner, and that the defendant is not, but asserts claim or pretends to some right to his land so as to cast doubt or suspicion on his title, which he seeks to have disposed of as a cloud on his title, clearing it by decree of the court. . . . The complainant is not required to set forth in his bill the chain of evidence by which he became the real owner of the land. It is sufficient to aver that he is such owner, and, if it is denied, prove it. If it is the object of the bill to cancel a particular evidence of title possessed by the defendant, it should be set forth in the bill as fully and particularly as known to the pleader."

The Friley Case construed section 1833, Code of 1880.

At that time there was no provision in this Code similar to section 551, Code of 1906 (section 308, Hemingway's Code). This section provides that in bills to confirm as well as cancel and remove clouds from title, the complainant must set forth in plain and concise language the deraignment of his title. This section first appeared in the Code of 1892, section 501; and under this section it is the duty of the complainant to deraign his title.

The case of *Wildberger* v. *Puckett* reaffirms the rule above quoted from the Friley Case.

The case of *Lumber Co.* v. *Lumber Co.*, 87 Miss. 773, 40 So. 485, is especially in point. We quote from 87 Miss. 781, 40 So. 486, the latter part of the opinion. In that case, after referring to the case of *Cook* v. *Friley, supra,* in the opinion it is said:

"But when, as in the instant case, there is a distinct admission of deraignment from a common source, such admission necessarily conveys the idea that complainant is advised of the nature and character of the adverse claim asserted by defendant. In such state of case, if the claim be a particular muniment of title, it must be specifically referred to. But, whatever the character of the hostile claim asserted, if known to the complainant, the facts demonstrating its invalidity must be set out. In such case mere general allegations of fraud and simulation are not sufficient."

In the case at bar the titles of the appellant and the appellees are deraigned from a common source, namely, from the Pooles. The titles of both parties are set out with particularity in the bill. There is no allegation that the deed of the appellant was obtained from the Pooles through any fraud, but this deed is merely prayed to be canceled because of a failure of consideration. At the time of the execution of the deed to the appellant the appellee Mars had an unsatisfied deed of trust upon the land. This, of course, in no wise prevented the Pooles from selling the land nor the appellant from purchasing the land. The security of Mars was in no way affected by this sale, and

as to him the land was sold subject to his deed of trust. He was in no wise interested in the consideration for this conveyance. By this conveyance whatever title the Pooles then had in the land was conveyed to Longmire. By the deed of conveyance subsequently made by the Pooles to Mars no title to the land passed because of the previous conveyance to the appellant, Longmire. A total failure of consideration for a voluntary conveyance, in the absence of fraud, is no ground for a cancellation of the deed. This has been repeatedly decided by this court. In the case of *Dixon* v. *Milling et al.,* 102 Miss. 449, 59 So. 804, 43 L. R. A. (N. S.) 916, the opinion quotes from *Day* v. *Davis,* 64 Miss. 253, 8 So. 203, as follows:

"A voluntary conveyance of land cannot be vacated, at the instance of the grantor thereof, upon the mere ground that it was made without any consideration; nor will such grantor be permitted to dispute the existence of the consideration expressed in the deed."

In this opinion the following is quoted with approval from Pomeroy's Equity Jurisprudence, vol. 2, par. 686:

"The general rule that the mere failure by grantee to perform a promise, which formed the whole or part of the consideration inducing an excuted conveyance, gives rise to no right of rescission in the grantor, either at law or in equity, unless such promise amounts to a condition; and it is a rule of construction that, in case the language or intention is doubtful, the promise or obligation of the grantee will be construed to be a covenant, limiting the grantor to an action thereon, and not a condition subsequent with the right to defeat the conveyance."

In this case, since there was no fraud in any wise practiced upon the appellee Mars by this conveyance of the Pooles to Longmire, Mars has no more right to a cancellation of this deed than have the Pooles for the reason that his rights were in no wise jeopardized or changed by the conveyance to Longmire.

Since the bill affirmatively shows a good title in the appellant, Longmire, and the facts therein alleged do not show grounds for a cancellation of this deed, the learned chancellor erred in overruling the demurrer. The decree is reversed, the demurrer sustained, and the cause remanded.

*Reversed and remanded.*