CHURCH OF THE LIVING GOD, C. W. F. F., *etc. v.*
CURRY *et al.*

(In Banc. March 22, 1948.)

[34 So. (2d) 494. No. 36714.]

Ward & Ward and B. F. Bell, all of Starkville, for appellants.

Daniel, McKee & McDowell, of Starkville, for appellees.

**McGehee, J.,** delivered the opinion of the court.

The appeal here is from a final decree declaring the appellees, Mary Curry and Arthur Gillespie, to be the owners and entitled to the immediate possession of a certain lot in the City of Starkville, and adjudging that the trustees, Rich Gray, Joe Montgomery, and S. G. Glover, of the appellant Church of the Living God, C. W. F. F., have no right, title or interest therein. The decree further stated that the said trustees took possession of the property, demolished the house and fences thereon to the damage of the complainants in the sum of $250, for which a judgment was rendered in their behalf. The decree also ordered that a writ of possession be issued in favor of complainants, as prayed for.

It was alleged in the amended bill of complaint that "this possession and use of said property by the defendants constitutes a cloud upon complainants' title, even though your complainants do not know the basis of the adverse claim of the defendants . . ."; that the complainants purchased said property from Jack Jones, the vendee of the said Church, through its former trustees; and title out of the government was deraigned. Adverse possession by appellees was also alleged.

The defendants demurred to the amended bill on the ground for want of equity on the face thereof and that the complainants had a plain and adequate legal remedy. The demurrer was overruled, the defendants declined to plead further, and the final decree hereinbefore mentioned

was rendered, and it was held therein that the complainants were entitled "to the relief prayed for" which included the cancellation of the defendants' claim as a cloud upon the title of the complainants, as well as the other relief hereinbefore mentioned.

It is urged here that the facts constituting the claim sought to be cancelled should have been alleged; that a suit to cancel a cloud upon title does not lie for an alleged simple trespass. And it is stated in Pomeroy's Equity Jurisprudence, 2nd Ed., Sec. 2146, that "Such clouds upon title as may be removed by courts of equity are instruments or other proceedings in writing which may appear upon the records and thereby cast doubt upon the validity of the record title. A verbal claim or oral assertion of ownership in property is not a cloud which equity will remove."

However, our statute, Section 1324, Code of 1942, confers the right to have cancelled as a cloud upon the title of the real owner of real estate not only a conveyance or other evidence of title thereto, but also any claim or pretended claim of right or title asserted to real estate by one who is not the rightful owner thereof. And we think that the taking of possession of the lot in question, demolishing and removing the improvements thereon, by the succeeding trustees of the Church, amounted to the assertion of some claim or pretended claim of right thereto. An asserted claim of title by adverse possession alone may be such cloud on title where the same is insufficient in character and duration to satisfy the applicable statute of limitation. The real owner is only required to set forth in his bill the facts constituting the adverse claim when known to him. Cook v. Friley, 61 Miss. 1; Gambrell Lbr. Co. v. Saratoga Lbr. Co., 87 Miss. 773, 781, 40 So. 485, cited in Longmire v. Mars et al., 124 Miss. 77, 82, 86 So. 753.

Therefore, we are of the opinion that there was no error in overruling the demurrer and in granting all the

relief prayed for in the bill of complaint as amended, when the defendants declined to plead further in defense thereof.

Affirmed.