396 So.2d 1027 (1981)
Diane Snyder Parr ALDRIDGE
v.
Robert Max PARR.
No. 52441.
Supreme Court of Mississippi.
April 1, 1981.
R.M. Sullivan, Petal, for appellant.
Robert T. Jackson, Jackson & Hammond, Hattiesburg, for appellee.
Before SMITH, LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant/cross appellee Diane Snyder Parr Aldridge and appellee/cross appellant Robert Max Parr, were married in November 1960. The parties were divorced by the Chancery Court of Forrest County, Mississippi, on March 28, 1972. At that time, Parr was a student at the University of Southern Mississippi, working toward his Ph. D. degree in psychology. Without the benefit of legal advice, Parr agreed with his wife that the divorce decree would provide for him to pay child support in a sum equal to one-half of his gross monthly income thereafter. The couple had three children: a son age 10 and two daughters ages 7 and 2.
From the date of the divorce decree until July 1973, while finishing his education, Parr made $500 monthly and paid one-half of this amount each month to his ex-wife as child support. Thereafter he secured his present job teaching at a college in Memphis, Tennessee, and increased the monthly child support payments to $396. Both parties remarried with the former Mrs. Parr moving to North Carolina with her new husband and three children.
In May 1977 Parr increased the monthly child support payments to $450 and according to him, requested of his ex-wife whether or not this was sufficient, stating that it was one-half of his net income.
In September 1978 the son joined the military service and became independent. Parr then started placing $150 each month in a savings account for his son and forwarded $300 per month to his former wife toward the support of the two daughters.
On April 13, 1979, Diane Snyder Parr Aldridge filed a petition requesting that her former husband be cited for contempt for failure to pay one-half of his gross pay to her as child support. Parr filed his answer stating that he had performed his support duties in a reasonable manner and alleging *1028 in his cross petition that the original decree of March 1972 agreed to by him without the advice of counsel was unreasonable and should not be enforced.
The trial of the contempt petition and the cross petition was had before the chancellor on January 15, 1980. It was stipulated that subsequent to the March 1972 decree, the ex-husband and father, Parr, had paid to his former wife toward child support the sum of $36,622. Mathematically, this averages approximately $375 per month during the entire time, including finishing school, internship, etc. At the time of the hearing, Parr's gross income from teaching and outside work amounted to approximately $27,900 annually. A computation, made as to what his gross income had been since March 1972, revealed that had he paid one-half of this gross each month, he would still be almost $40,000 in arrears.
Parr undisputedly testified that he remained on a good relationship with his children and that he still was on a good relationship at the time of the January 1980 citation hearing. He testified that he had spent around $2,000 for expenses in having his children visit him.
When the son joined the military service he gave the son the used car that the father was driving. He further testified undisputedly that he had told all three of his children that he would see that they got a college education in Memphis, provided, their living quarters would be at his home for the purpose of economizing on expenses. He further testified that since he had been regularly employed, he had carried a policy of medical and hospital insurance which covered all of his children.
At the conclusion of the evidence, the court, in its opinion, reviewed the history as briefly set out above, and found that the former provision regarding child support in the original divorce decree was "unreasonable and unrealistic." He found as a fact that the father had substantially paid that which was reasonably possible for him to pay. He concluded this issue by finding that Parr was not guilty of deliberate and contumacious contempt; that the literal requirements of the decree resulted in the nonpayment over the years of a total of $39,937, but that the father should not have the burden of a money judgment in that amount, plus interest. The decree provided that any arrearage owed by the father could not be executed upon nor could he be forced to pay the arrearage except at a minimum rate of $100 per month. The chancellor held that the father should pay to the mother thereafter the sum of $350 per month toward the support of the two daughters, who remained with the mother and the $100 per month toward a payment of the one-half of the gross income as set out in the original divorce decree.
The decree also required Parr to pay to his former wife $750 as attorney's fee.
Appellant/cross appellee Mrs. Aldridge perfected this appeal on two issues and assignments of error only, to-wit: The failure of the court to add interest to the figure of $39,937 as heretofore discussed and the failure of the court to give appellant an immediate money decree in a position for execution thereon immediately instead of paying $100 per month to appellant.
Parr has filed his cross appeal contending that the court erred in holding that he owed back child support payments in the amount of $39,937 and requiring him to make monthly payments thereon. He contends that the claim was barred by either the doctrine of laches, the doctrine of estoppel, or that the original decree as to that issue was void.
Both assignments of error in the original appeal are rendered moot by our holding in the cross appeal. We agree with appellee/cross appellant that the March 1972 decree regarding the future payment of one-half of the father's subsequent income was void.
This Court had before it a similar provision in a final chancery court decree in the case of Webb v. Webb, 391 So.2d 981 (Miss. 1980). There on a final decree the chancellor merely required one party to pay to the other party a "reasonable amount" toward *1029 the support of the minor child of the parties. After the final decree was entered and the court minutes signed at the conclusion of the term, the parties agreed that the payment should be $150 per month, which was made until the party making the payments became unemployed. This Court in holding that the decree was void as to the monthly support payments said:
Regarding the part of the decree giving judgment against appellant in the sum of $1,500 for alleged unpaid monthly support payments to appellee and requiring appellant to pay $150 per month in the future, we reverse those parts of the decree and render here. As hereinbefore set out, the first modification decree of December 19, 1978, only required appellant to pay a "reasonable amount." The present decree is the first time the chancellor has set an amount. We hold that the alleged agreement between the parties as to a "reasonable amount" had no effect and could not serve to enlarge the court's decree and give appellee a money judgment. Decrees and judgments cannot be based on such indefinite requirements as "reasonableness."
Griffith, Mississippi Chancery Practice § 626 (2d ed. 1960), in discussing "certainty in decrees" states as follows:
Where a decree in chancery is rendered for the recovery of money it must be for a sum certain, based on evidence reasonably sufficient to show the sum due. The amount cannot be arrived at by, nor left to, mere conjecture, nor by recourse to anything extrinsic.
Section 77, Griffith, supra, provides as follows:
In directing the decree in chancery the court will see to it that every feature of the controversy is covered in terms of certainty in a just and practical manner, according to the exact situation of the parties and according to the several interconnected facts and circumstances, leaving so far as practical nothing open for future controversy with respect to the subject matter of the suit. The decree in equity is capable of being moulded to fit the exact facts and requirements of the case, to cover all issues presented by the pleadings and to completely determine and settle every right established in the entire cause, and in this manner it should be drawn.
Section 614, Griffith, supra, we find the following:
A final decree should dispose of all questions upon the real merits of the controversy and settle all the involved rights of the parties, leaving nothing of the merits undetermined or unsettled  precluding, so far as practicable upon all the issues involved in the cause, the possibility of future litigation between the parties with respect to the subject matter of the suit. A final decree should be complete and do full justice, protecting the interests of all parties to the suit, and a neglect to do so is erroneous, and especially is it erroneous deliberately to remit any part of the controversy to a new litigation if the relief may properly be granted in the present suit.
In Section 625, Griffith, supra, on "certainty of decrees" we find the following:
A reasonable certainty and a fair precision are elemental requirements entering into all the important parts of judicial procedure, and obviously the requirement is equally obligatory as to decrees. There must in all respects be a clear and unambiguous certainty in all the provisions of a decree so that every party thereto may know exactly what he is to do in obedience to it and that all may safely perform its terms as written; and particularly must this be true when the decree is framed to meet the exigencies of a complicated situation wherein misunderstanding might easily arise. It should be complete within itself  containing no extraneous references, and leaving open no matter or description or designation out of which contention may arise as to the meaning. Nor should a final decree leave open any judicial question to be determined by others, whether those others be the parties or be the officers charged with the execution of the decree, and *1030 even as to matters solely affecting the execution, if their nature be such as is likely to eventuate in dispute, reservation for further directions should be made if impossible safely to do otherwise.
In the case of Todd v. Todd, 197 Miss. 819, 20 So.2d 827 (1945), this Court, through Justice L.A. Smith, Sr. recognized the above textbook pronouncements.
We therefore hold that the part of the March 28, 1972, decree directing that at all times in the future appellee/cross appellant should pay to appellant/cross appellee a sum equal to fifty percent of his gross pay was unreasonable, indefinite, and uncertain to such an extent that it was void. We, therefore, reverse and render as to the cross appeal wherein the decree found that cross appellant owed $39,937 to be paid over a period of over 31 years at $100 per month. The decree is affirmed as to child support for the two daughters in the monthly sum of $350 beginning on the date of the decree.
Appellant/cross appellee's motion for attorney's fee in this Court is denied.
AFFIRMED ON DIRECT APPEAL; REVERSED AND RENDERED ON CROSS APPEAL. MOTION FOR ATTORNEY'S FEE DENIED.
PATTERSON, C.J., and SMITH, P.J., and SUGG, WALKER, LEE and HAWKINS, JJ., concur.
ROBERTSON, P.J., and BROOM, J., specially concur.
ROBERTSON, Presiding Justice, specially concurring:
I concur in the results reached canceling the so-called arrearage of $39,937 in child support, to be paid over a period of 31 years at $100 per month, and setting the support for the two minor daughters at $350 per month, but I cannot agree with the holding of the Court that the March, 1972, decree was void as to the provision that Parr pay 50% of his gross monthly income as child support because it was so unreasonable, indefinite and uncertain.
The court had jurisdiction of the parties and of the subject matter when the chancellor rendered his decree on March 28, 1972, granting the divorce, granting custody of the three children of the marriage to the mother, and finding that the parties had entered into an agreement settling their property rights; and support for the children at 50% of Parr's gross monthly income. Since March, 1972, Parr had been paying and Mrs. Diane Parr Aldridge had been accepting as child support the monthly payments ranging from $350 to $450 per month, until April, 1979, when she filed a short petition for citation for contempt, praying that Parr be held in contempt because he had not paid 50% of his gross monthly pay as child support.
I agree with the lower court's finding "that the defendant has paid or substantially paid that which was reasonably possible for him to pay and at the same time maintain a reasonable standard of living for himself". I agree with the lower court in its finding that the formula for child support in the decree of March, 1972, is an unreasonable and unrealistic formula and requirement when applied to an increasing monthly income as the years go by.
It is my opinion that the parties themselves worked out a reasonable interpretation of this decree when Parr paid and his former wife and the mother of his children accepted his monthly payments ranging from $350 to $450 per month. My thought is that by accepting the monthly payment without murmur until April, 1979, she has by her very actions for seven years agreed to their interpretation of what they themselves meant by their unusual recipe for child support inserted by the court at their instance in the March 28, 1972, decree. She is now estopped to assert a contrary view at this late date.
I, therefore, concur in the holding of this Court that henceforth Parr only owes $350 per month child support for his two minor daughters, the son of the marriage having joined the Army and become self-supporting.
*1031 PATTERSON, C.J., SMITH, P.J., and BROOM, LEE and HAWKINS, JJ., join in this specially concurring opinion.