ROY NOBLE LEE, Chief Justice,
for the court:
Associates Financial Services Company of Mississippi, Inc. (Associates) filed a complaint in the Chancery Court for the Second Judicial District of Harrison County, against Jackie Bennett, Sue Ellen Bennett and June Bennett, their mother, alleging that Jackie and Sue were the owners of certain real property on which they had executed a deed of trust to Associates August 25, 1988. Associates alleged that the indebtedness secured by the deed of trust was delinquent and that Associates was entitled to foreclose on the property. Associates asked the court to adjudicate the interests of all parties in the property.
The Bennetts filed an answer which denied the material allegations of the complaint and set up an affirmative defense of fraudulent conduct by Associates in procuring the deed from June Bennett to Jackie and Sue Ellen and procuring the deed of trust from Jackie and Sue Ellen to Associates, based on the deed. The case was tried November 20, 1989, and on January 11, 1990. An order was entered denying relief sought by Associates and the court set aside the warranty deed from June to Sue Ellen and Jackie and set aside the deed of trust from Jackie and Sue Ellen to Associates. Associates appeals from the judgment entered in the lower court and presents four issues to be decided by this Court.
I. THE DEFECTIVE ACKNOWL-EDGEMENT OF A WARRANTY DEED OR DEED OF TRUST DOES NOT RENDER THAT INSTRUMENT VOID AS BETWEEN THE PARTIES TO THAT DEED.
II. WARRANTY DEED EXECUTED BY JUNE BENNETT WAS DELIVERED BY HER TO HER CHILDREN AND HER CHILDREN’S ACTIONS INDICATED AN ACCEPTION [sic] OF THAT DEED.
III. THE BENNETT FAMILY WAS NOT ENTITLED TO EQUITABLE RELIEF IN HAVING THE RESPECTIVE WARRANTY DEED AND DEED OF TRUST DECLARED VOID AND REMOVED FROM THE LAND RECORDS.
IV. ASSOCIATES FINANCIAL SERVICES WAS ENTITLED TO EQUITABLE AND/OR OTHER APPROPRIATE RELIEF AGAINST THE BENNETT FAMILY AS A RESULT OF THE BEN-NETTS’ RESPESENTATIONS [sic] REGARDING THE MORTGAGE AND THE CONSIDERATION OF APPROXIMATELY FIFTY FIVE THOUSAND DOLLARS ($55,000) PAID BY ASSOCIATES THROUGH THE MORTGAGE.
*975 FACTS
Roy Robert, manager of its Gulfport branch of Associates, testified that June Bennett contacted the office in the summer of 1988, seeking refinancing of two loans she had with Tower Loan; that Chuck Switzer initially dealt with June and determined that she had quit her job and was in trouble on the loans at Tower; and that Associates would not be able to make a loan to her because of her credit record.
According to Robert, he began consulting with June about a transaction wherein she would sell the property to her two children, Jackie and Sue Ellen, who would execute a deed of trust in favor of Associates and receive a loan which would pay off the Tower loans. The transaction was a family affair and one condition was that June would obtain some cash money from the transaction. June agreed to the arrangement. Robert had difficulty in getting the children together and he thought June had arranged for the transaction.
June and Sue Ellen came to Associates’ office on August 25,1988, to close the loan. Because of the difficulty in getting everyone’s attendance at the closing, it was held after hours, beginning at about 8:00 p.m. According to Robert, he explained the papers he had prepared for them to sign. June, Sue Ellen and Jackie signed an instrument entitled “CONTRACT FOR THE SALE AND PURCHASE OF REAL ESTATE”. In the instrument, June agreed to sell and Jackie and Sue Ellen agreed to buy the house property. Jackie and Sue Ellen signed a loan agreement which listed the “principal balance” as $60,994 to be repaid in 180 monthly installments totalling $157,-236.58. They also signed a disclosure statement setting forth the details of the loan agreement. June executed a warranty deed conveying her home to Jackie and Sue Ellen as joint tenants with full rights of survivorship. Jackie and Sue Ellen executed a deed of trust to Randall Thomas, trustee, in favor of Associates in the amount of $60,994.99 on the house. The deed and deed of trust appear to be acknowledged, but at trial the parties agreed the acknowledgements were insufficient because a notary public did not see the instruments signed, and the grantors did not acknowledge to the notary in person that they had signed the instruments.
June signed the deed and handed it back to Robert without comment. He did not hand it to Jackie and Sue Ellen, but instead asked if he could record it for them, to which they assented. The only payment made on the note was made November 29, 1988, by June. She brought to Associates $500 in cash and a check for $451.68 on that day. The check was not honored. Further efforts to collect from Jackie and Sue Ellen were unsuccessful.
Charles Switzer, assistant manager of Associates, testified and corroborated the testimony of Robert. He added that June wanted to obtain cash in the amount of $3,000.00 from the financing to start a business.
For the defendants, June Bennett testified that she wanted to refinance the house she had lived in since 1977 because the monthly payments were too high for her to keep up; that she spoke with Switzer about making monthly payments of about $530; that her children were cosigners on the note, since they had been on her previous notes; that she never had any discussion with Switzer or Robert about selling her house to her children as a means of refinancing; that when the papers were signed they were arranged so that they did not have to be moved before signing; that she did not read them before signing and did not realize she had not signed the deed of trust or that she had signed the warranty deed; that she did not authorize anyone to deliver the warranty deed; and that she did not learn of the problems until the following day, when she received the papers and read over them.
According to Sue Ellen Bennett, she was 24 years of age and worked as a bartender at a Holiday Inn in Gulfport. She thought she and her brother were signing some kind of note at Associates as they had been doing at Tower. She stated that she never agreed to buy the house and that there had been no discussion of it at or before the loan closing. She said that Robert did not *976 explain the papers to her, and just handed her a stack of papers and told her where to sign. Although she did not read the papers she had an opportunity to do so. She stated that she and Jackie received approximately $3,000 at the closing and spent it. When asked why she received any money, she stated simply that she had co-signed the note.
ISSUES I. and II.
Associates contends: (1) that a defective acknowledgement of a warranty deed and deed of trust does not render the instruments void as between the parties to them; and (2) that the warranty deed executed by June Bennett was delivered by her to her children, even though the chancellor held there was no delivery.
Miss.Code Ann. § 89-3-1 (1972) provides the following with reference to ac-knowledgement of deeds:
[FJirst be acknowledged or proved, and the acknowledgement or proof duly certified by an officer competent to take the same in the manner directed by this chapter; and any such instrument which is admitted to record without such ac-knowledgement or proof shall not be notice to creditors or subsequent purchasers for valuable consideration.
It is well-settled by the case law in this state that a defective acknowledgement has no effect on the validity of the deed as between the parties. Cotton v. McConnell, 435 So.2d 683 (Miss.1983); Campbell v. State Highway Commission, 212 Miss. 437, 54 So.2d 654 (1951); Kelly v. Wilson, 204 Miss. 56, 36 So.2d 817 (1948). The only effect of deeds with no acknowledgement or a defective acknowledgement is that such deeds they are not entitled to be recorded in the chancery court records and, as a result, cannot serve as constructive notice to bona fide creditors without notice. As to Associates and the Bennetts here, the defective acknowledgement would not have affected the deeds, if otherwise valid.
The principle of law is well established and it is elementary that a deed must be delivered and accepted in order to constitute a valid conveyance. Odom v. Forbes, 500 So.2d 997, 1001 (Miss.1987); Salmon v. Thompson, 391 So.2d 984, 986 (Miss.1980); McMillan v. Gibson, 222 Miss., 408, 76 So.2d 239, 240 (1954). In McMillan, supra, the Court held that words, acts and circumstances surrounding the transaction may manifest the intention of the grantor to deliver the instrument.
In the case at bar, the chancellor found that there was no delivery of the instruments and he apparently did so from the words, actions and circumstances, and the Bennetts’ version of the events, all surrounding the closing of the Associates’ loan. We are unable to say the finding of the chancellor was manifestly incorrect and was not supported by substantial evidence in the record.
III. and IV.
Associates contends (3) that the Bennetts were not entitled to equitable relief in having the warranty deed and the deed of trust declared void and removed from the land records and (4) Associates was entitled to equitable and other appropriate relief against the Bennett family as a result of the Bennetts’ representations regarding the mortgage and the consideration of approximately $55,000 paid by Associates for the retirement of the Tower loan indebtedness of June Bennett.
The sole issues relevant to this case, such as the validity of the deed and the deed of trust were actually presented to the trial court and tried by the consenting parties even though the issues may have been imperfectly raised in the trial. The lower court stated that “[i]t is a familiar rule that issues not raised by the pleadings but tried by express or implied consent shall be treated as if they were raised by the pleadings.” The Bennetts stated in their answer that they sought dismissal of the complaint and such general relief in equity as they were entitled to.
Associates contends that due to the unjust enrichment of the Bennetts, the court, having voided the deed and deed of trust, it should have granted some appropriate relief to Associates for the protection of their interest in the transaction and that Associates should have been granted judgment against the defaulting Bennetts, who had *977 obtained funds and benefits through the transaction. We agree with that contention of Associates.
The claim and equity of Associates should have been fully adjudicated by the court below. Aldridge v. Parr, 396 So.2d 1027, (Miss.1981) (quoting Griffith, Mississippi Chancery Practice § 614 (2nd Ed. 1960)); Accord, Burnett v. Bass, 152 Miss. 517, 120 So. 456 (1929). See also Shutze v. Credithrift of America, Inc., 607 So.2d 55, 65-66 (Miss.1992).
It is undisputed that Associates paid off and satisfied the indebtedness of June Bennett in the approximate amount of $55,000 to Tower Loan. Sue Ellen Bennett admitted from the witness stand that she and Jackie received approximately $3,000 at the closing and spent it. When asked why she received the money, she simply stated that they had co-signed the note.
We affirm the chancellor in his finding that there was no delivery of the deed and deed of trust. We hold that Associates is entitled to a lien upon the property subject of this suit and the Tower Loan deed of trust, in such amount as the lower court may find is owed by June Bennett, together with that amount she received from Associates in the aborted closing.
Associates attempted loan and loan closing is an example of a tragedy of errors, due to bungling and inefficiency of Associates in an important and expensive loan closing. Courts should not be expected to look after people who should be efficient professionals in their operations of the business.
AFFIRMED IN PART; REVERSED AND RENDERED IN PART AND REMANDED TO THE LOWER COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
ROBERTS, J., not participating.