# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-CA-00039-SCT

*COUNTRYWIDE HOME LOANS, INC., LEM
ADAMS, III, TRUSTEE AND MORTGAGE
ELECTRONICS REGISTRATION SYSTEMS, INC.*

*v.*

*JULIUS C. PARKER, JR.*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/21/2006 |
| TRIAL JUDGE: | HON. DEBBRA K. HALFORD |
| COURT FROM WHICH APPEALED: | PIKE COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANTS: | PAUL E. ROGERS |
| ATTORNEY FOR APPELLEE: | C. ASHLEY ATKINSON |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | AFFIRMED - 02/21/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., DICKINSON AND LAMAR, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1.     In this suit, a surviving spouse who did not sign a deed of trust on his homestead seeks

to have it declared null and void.  The trial court held the deed of trust was null and void.

We affirm.

## STATEMENT OF FACTS AND PROCEEDINGS

¶2.     After Dorothy and Julius Parker married in 1990, Julius moved into Dorothy's house

in Pike County.  As part of refinancing her home in August 2000, Dorothy executed a deed

of trust in favor of Nationscredit Financial Services.  Julius did not sign this deed of trust.

On November 23, 2004, Dorothy executed a second deed of trust in favor of WMC Mortgage

Company, which in turn assigned its interest to Countrywide Home Loans, Inc.[1]  Julius did not sign this deed of trust either.  Dorothy used the proceeds from the refinancing to pay off the balance owed to Nationscredit and for other expenses.  In her application for the Countrywide loan, Dorothy stated that she was separated from her husband.  However, Dorothy and Julius were never separated and lived together during their entire marriage.

¶3.    Dorothy died on August 6, 2005.  In this lawsuit filed against Countrywide on February 16, 2006, Julius alleged that the property which is the subject of the deed of trust constituted his marital homestead and, since he did not sign the deed of trust as required by statute, it should be declared null and void.  The Pike County Chancery Court declared the deed of trust null and void and refused to impose an equitable lien in favor of Countrywide.  Countrywide appeals this decision.

**ANALYSIS**

¶4.    In order to reverse a chancellor's factual determinations, this Court must find that the Chancellor's findings were manifestly wrong.  ***Owen v. Owen***, 928 So. 2d 156, 168 (Miss. 2006).  A chancellor's rulings on questions of law are reviewed de novo.  ***Biglane v. Under the Hill Corp.***, 949 So. 2d 9, 14 (Miss. 2007).

¶5.    This case is controlled entirely by statute.  Section 89-1-29 of the Mississippi Code states in pertinent part:

> A conveyance, mortgage, deed of trust or other incumbrance upon a homestead exempted from execution shall not be valid or binding unless signed by the spouse of the owner if the owner be married and living with the spouse.

---

[1]This loan shall be referred to herein as the "Countrywide Loan."

Miss. Code Ann. § 89-1-29 (Rev. 1999). This is a clear, unambiguous statute. Thus, we must apply its plain meaning. ***Richmond v. City of Corinth***, 816 So. 2d 373, 377-78 (Miss. 2002). Because the requirements of the statute were not met, that is, because Julius did not sign the deed of trust as required by the statute, the deed of trust "shall not be valid or binding."

¶6. Countrywide argues that, even if the deed of trust is declared invalid, it should be given an equitable lien. Countrywide cites ***Associates Financial Services of Mississippi, Inc. v. Bennett***, for the proposition that a creditor should be given an equitable lien when a party benefits from proceeds from a deed of trust. ***Bennett***, 611 So. 2d 973, 976-977 (Miss. 1992). However, ***Bennett*** is clearly distinguishable.

¶7. The issue in that case was not the failure of a spouse to sign a deed of trust, but rather the lack of conveyance of a deed. ***Id***. at 976. The statute which controlled the outcome of the case in ***Bennett*** did not state that the deed was invalid for lack of conveyance, but that the deed could not be recorded until conveyance occurred. ***Id***.[2] Thus, ***Bennett*** provides as no authority for Countrywide's argument, and it cited no other authority suggesting that this Court has the power or authority to grant equitable liens in cases where a statute declares that the lien is not valid or binding.

## CONCLUSION

---

[2]Although the ***Bennett*** Court did grant an equitable lien, it cited no authority for the proposition that courts have the authority to grant equitable liens in cases of defective conveyances. ***Id***. at 976-977. In any case, the ***Bennett*** holding is inapposite to the case before us today.

¶8.    When we apply, as we must, the plain language of Mississippi Code Section 89-1-29 to the facts of this case, we must hold that the deed of trust is invalid and unenforceable. Further, this Court does not have authority to issue an equitable lien under the facts of this case. Therefore, the judgement of the Chancery Court of Pike County is affirmed.

¶9.    **AFFIRMED.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**